STATE v. ROBERT S. TREADAWAY.

(Filed 4 March, 1959.)

**Criminal Law § 83—**

In a prosecution for operating a motor vehicle on a public street while under the influence of intoxicating liquor, the exclusion of testimony that the prosecuting witness was biased because interested adversely to defendant in a civil action arising out of the operation of the vehicle by defendant at the time in question, *held* erroneous on authority of *S. v. Hart,* 239 N.C. 709.

APPEAL by defendant from *Burgwyn, Emergency Judge,* September Criminal Term 1958 of GASTON.

The defendant was tried upon a warrant in the Municipal Court of the City of Gastonia, charging him with operating a motor vehicle upon the public streets of the City of Gastonia on 5 April 1958, while under the influence of intoxicating liquor. He was found guilty and upon the sentence imposed appealed to the Superior Court, where he was tried *de novo* on the original warrant.

The jury returned a verdict of guilty, and from the fine imposed the defendant appeals, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton, for the State.*

*Childers & Fowler for defendant.*

PER CURIAM. The defendant assigns as error the refusal of the court below to admit testimony tending to show that the prosecuting witness, Peter J. Mandamis, was biased against the defendant or was interested adversely to him in that he is claiming damages as a result of injuries sustained when the defendant ran into his automobile on the occasion he is charged with driving a motor vehicle upon the public streets of Gastonia while under the influence of intoxicating liquor

We think the exclusion of this evidence was erroneous. Therefore, the defendant is entitled to a new trial and it is so ordered on authority of *S. v. Hart*, 239 N.C. 709, 80 S.E. 2d 901.

New Trial.