STATE OF NORTH CAROLINA v. BENJAMIN FRANKLIN GRANT III

No. 818SC1279

(Filed 1 June 1982)

**1. Criminal Law § 88— cross-examination of prosecuting witness concerning civil lawsuit—improperly limited**

The trial court improperly limited the scope of defendant's cross-examination of the prosecuting witness as to whether she had filed a civil lawsuit for damages against him based on the facts involved in the prosecution

for assault on a female; however, defendant failed to show prejudicial error since evidence of the prosecuting witness's pending civil action was later admitted without objection.

**2. Criminal Law § 112.6— failure to charge on justification proper**

In a prosecution for assault on a female, the trial judge properly failed to instruct the jury on the defense of justification since defendant's testimony indicated that he had reacted "on impulse" in assaulting the prosecuting witness and there was no evidence from which the jury could find that defendant reasonably believed himself in need of protection.

**3. Criminal Law § 118.2— improper refusal to instruct on corroborative evidence**

Where the court properly admitted as corroboration a statement previously made by defendant which was consistent with his testimony at trial, the trial judge erred in denying defendant's requested jury instruction on corroborative evidence; however, it did not constitute prejudicial error.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 2 July 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 6 May 1982.

Defendant was convicted of assault on a female in violation of G.S. 14-33(b)(2). Judgment imposing a suspended prison sentence was entered.

The State's evidence tends to show that on 28 February 1981, Estelle Allen visited defendant's grandfather in his hospital room. Defendant was present when she arrived. A verbal altercation ensued between defendant and Mrs. Allen. When Mrs. Allen left, defendant followed her to the hospital parking lot. He again exchanged words with her, grabbed her arm, shook her, slapped her in the face, and knocked her to the ground, causing her to break her arm.

Defendant presented evidence that he followed Mrs. Allen to the parking lot because his grandfather had asked him to appease her. When he confronted her, she slapped him in the face. He reactively slapped her back. Mrs. Allen then accidentally slipped and fell, injuring herself.

*Attorney General Edmisten, by Assistant Attorney General J. Chris Prather, for the State.*

*David M. Rouse, for defendant appellant.*

VAUGHN, Judge.

Defendant raises several assignments of error on appeal. None of them disclose prejudicial error.

[1] In Assignment of Error No. 1, defendant argues that the court erred in failing to allow him to cross-examine the prosecuting witness as to whether she had filed a civil lawsuit for damages against him based on the facts involved in the prosecution. We agree that the court improperly limited the scope of cross-examination.

Cross-examination of an opposing witness for the purpose of showing his bias or interest is a substantial legal right. Jurors are to consider evidence of any prejudice in determining the witness' credibility. *State v. Hart*, 239 N.C. 709, 80 S.E. 2d 901 (1954). In the present case, the prosecuting witness' pecuniary interest in the outcome of defendant's prosecution was clearly evidence which might have caused a jury to discount her testimony. The court, therefore, erred in its exclusion.

Ordinarily, such an exclusion of impeaching evidence would constitute reversible error since Mrs. Allen was the only witness, other than defendant, to the alleged assault. *See State v. Treadaway*, 249 N.C. 657, 107 S.E. 2d 310 (1959); *State v. Hart, supra.* The present record indicates, however, that evidence of Mrs. Allen's pending civil action was later admitted without objection. Defendant has, therefore, failed to show prejudicial error entitling him to a new trial. *See* G.S. 15A-1443(a). The assignment of error is overruled.

[2] In Assignment of Error No. 5, defendant argues that the court erred in failing to instruct the jury on justification. We disagree.

One without fault in provoking or continuing an assault is privileged to use such force as is reasonably necessary to protect himself from bodily harm or offensive physical contact. *State v. Anderson*, 230 N.C. 54, 51 S.E. 2d 895 (1949). If defendant's evidence, even though contradicted by the State, raises the issue of self-defense, it is error for the court not to charge on the defense. *State v. Blackmon*, 38 N.C. App. 620, 248 S.E. 2d 456 (1978), *cert. denied*, 296 N.C. 412, 251 S.E. 2d 471 (1979).

The present defendant testified that Estelle Allen was the aggressor in the physical confrontation. It was only after she slapped him without cause that he struck her. Defendant presented no evidence, however, that Mrs. Allen's action caused him to fear for his personal safety. Defendant testified, "She slapped me with her right hand. I reacted in a split second." Defendant's sister stated that defendant had told her he slapped Mrs. Allen "on impulse" and "didn't mean to." Where there is no evidence from which a jury could find that defendant reasonably believed himself in need of protection, it would be improper for the court to instruct on justification. See State v. Moses, 17 N.C. App. 115, 193 S.E. 2d 288 (1972).

[3] Defendant also excepts to the court's failure to instruct on the law of corroborative evidence. We overrule the assignment of error.

A prior consistent statement is one made by a witness at an earlier time which is consistent with his testimony at trial. It is not admitted as substantive evidence. Rather it is admitted solely for the purpose of affirming the witness' credibility. 1 Stansbury, N.C. Evidence § 52 (Brandis rev. 1973); State v. Covington, 290 N.C. 313, 337, 226 S.E. 2d 629, 646 (1976). If defendant so requests, he is entitled to an instruction in the jury charge concerning the restricted purpose for which the statement is received, in addition to a direction at the time of its admission. 1 Stansbury, N.C. Evidence § 52 (Brandis rev. 1973). See State v. Lee, 248 N.C. 327, 103 S.E. 2d 295 (1958); State v. Spain, 3 N.C. App. 266, 164 S.E. 2d 486 (1968).

In the present case, the court properly admitted as corroboration a statement previously made by defendant which was consistent with his testimony at trial. Defendant requested a jury instruction on corroborative evidence. The request was denied. Although defendant has grounds for exception, we conclude that in this case, the court's refusal to instruct did not constitute prejudicial error. In fact, by not restricting consideration of his prior consistent statement, the court benefited defendant.

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.