STATE OF NORTH CAROLINA v. SAMUEL FEREBEE, Defendant

No. COA97-154

(Filed 3 March 1998)

**1. Criminal Law § 381 (NCI4th Rev.)— request for extension of time—unrepresented defendant—nod by judge—unspoken deadline**

There was a prejudicial abuse of discretion requiring remand in a stalking prosecution where defendant was not represented by counsel at the time of his arraignment on 24 June; defendant requested an extension of time in which to file motions for a bill of particulars and for a change of venue; the trial judge nodded; defendant obtained counsel on 9 August and filed the motions

three days later; and, when counsel asked the court to rule on the motions on 27 August, the trial judge noted that he had intended by his nod to grant the normal 10 or 20 days. Nothing appears in the record to indicate that defendant knew or should have known of the judge's unspoken deadline; while an attorney may have been expected to recognize the need for a specific deadline, defendant was not yet represented and it was not his intention to represent himself. Failure to give a definite date coupled with the later refusal to hear the motions was prejudicial because it appears that proper consideration would have led to a change of venue.

**2. Evidence and Witnesses § 213 (NCI4th)— stalking—events before warning—relevant**

In a stalking prosecution remanded on other grounds, the trial court did not abuse its discretion by admitting evidence relating to events which occurred before defendant was warned to stay away from the victim. Although the 1993 statute applicable here only criminalizes acts that occur after the warning, the evidence was relevant to enlighten the jury to the background between the defendant and the victim and to allow them to place into context the reason defendant was warned to stay away.

**3. Criminal Law § 828 (NCI4th Rev.)— instruction on corroboration—denied erroneously**

In a stalking prosecution remanded on other grounds, the trial court erred by not giving a requested instruction on corroboration where two witnesses testified about prior statements made by the victim concerning defendant's conduct.

Judge MARTIN (Mark D.) concurring in the result only

Appeal by defendant from judgment entered 29 August 1996 by Judge George L. Wainwright, Jr., in Craven County Superior Court. Heard in the Court of Appeals 28 October 1997.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Robin P. Pendergraft, for the State.*

*Steven P. Rader for defendant-appellant.*

WYNN, Judge.

**[1]** Defendant Sam Ferebee appeals his conviction for stalking. Based on an error committed by the trial judge before the defendant's trial occurred, the defendant must be given a new trial.

Ferebee was arraigned on 24 June 1996 and his trial was calendered for 27 August 1996. At his arraignment on 24 June 1996, Ferebee—who was not represented by counsel at the time—requested and was granted an extension of time in which to file motions for a bill of particulars and for change of venue. The trial court, however, did not specify a deadline or other time frame for the filing of the motions. The record reflects that Ferebee obtained counsel on 9 August 1996 and three days later, that counsel filed the motions for a bill of particulars and for a change of venue.

On 27 August 1996, Ferebee's counsel asked the court to rule on the motions. The trial court noted that at the arraignment on 24 June

> the Court declined to continue the arraignment and the defendant advised Judge Wainwright that he would need additional time after he obtained counsel to file pretrial motions. Judge Wainwright nodded his head and the defendant believed that the Court had granted that request.

In response the trial court said:

> I think that's a true statement. I think that's absolutely true.

> *But let me tell you by my nodding of my head what I intended.* I would have given Mr. Ferebee ample time to file anything, such as the normal 10 or 20 days, which is allowable, which I would always allow.

N.C. Gen. Stat. § 15A-952 provides that if arraignment is held prior to the session of court for which the trial is calendared motions for a bill of particulars and for change of venue must be made at or before the time of arraignment. N.C. Gen. Stat. § 15A-952(b) & (c) (Cum. Supp. 1996). Failure to file such motions within the prescribed time constitutes waiver of the motions. N.C. Gen. Stat. § 15A-952(e) (Cum. Supp. 1996). The trial court may grant a defendant additional time in which to file a motion. N.C. Gen. Stat. § 15A-952(b) (Cum. Supp. 1996).

Here, it is apparent that defendant was granted additional time at the arraignment, but did not file the motions until August 12th, forty-

nine days later. The later-expressed intention of the trial court was apparently that Ferebee would have from ten to twenty days after the arraignment in which to file the motions. The trial court, however, did not tell Ferebee that that was what he meant. Nothing appears in the record to indicate that Ferebee knew or should have known of the judge's unspoken deadline. And, in fact, nothing could appear in the record to indicate that knowledge because there was simply no way for Ferebee to have known the judge's unexpressed thought.

An attorney may have been expected to recognize the need to have a specific deadline for the extension. In fact, once Ferebee retained counsel on 9 August 1996, both motions were filed within three days. However, in this case Ferebee was not yet represented by a lawyer when he requested and received the extension. Furthermore, it was not Ferebee's intention to represent himself. The trial judge knew, as Ferebee had told him, that Ferebee planned to obtain counsel to represent him. A litigant who has not yet obtained an attorney could not be expected to recognize the need to clarify the judge's grant of the extension. In such a situation, the trial court should have given him a definite date by which to file the motions.

Furthermore, on the facts of this case, the failure to give a definite date coupled with the later refusal to hear the motions constituted an abuse of discretion. Items in the record on appeal suggest that a fair trial required consideration of the motions, especially the motion for a change in venue. In particular, we note that included with the record were two letters from different churches in the community telling Ferebee not to return to worship there. Because it appears that proper consideration of the motions would have led to a change in venue, it was in the interest of justice for the trial court to consider the motions. We therefore hold that the failure to do so constituted an abuse of discretion which prejudiced the defendant.

Accordingly, we vacate Ferebee's conviction and remand for consideration of the motions and a new trial.

## II.

[2] Several other issues raised on appeal appear likely to reoccur during the new trial, so we consider them as well. Also, we note that the statute that Ferebee was charged with violating has subsequently been changed by the legislature. The version relevant for this appeal and for the new trial is as follows:

(a) Offense.—A person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of another person without legal purpose:

(1) With the intent to cause emotional distress by placing that person in reasonable fear of death or bodily injury;

(2) After reasonable warning or request to desist by or on behalf of the other person; and

(3) The acts constitute a pattern of conduct over a period of time evidencing a continuity of purpose.

N.C. Gen. Stat. § 14-277.3(a) (1993), *current version at* N.C. Gen. Stat. § 14-277.3(a) (Cum. Supp. 1997).

A.

Ferebee argues that evidence offered by the State which related to events occurring before he was warned to stay away from the victim should not have been admitted because it was irrelevant and highly prejudicial to him. We disagree.

Although the statute only criminalizes acts that occur after the warning, as the State points out in its brief some objectionable acts would have to occur before the victim would have a reason to warn the person to stop, and admission of such evidence is relevant to show the context in which the warning was made. Accordingly, we disagree with Ferebee's contention that the evidence was irrelevant.

As to the prejudice of the evidence, under N.C. Gen. Stat. § 8C-1, Rule 403 (1992), "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The decision to exclude evidence under Rule 403 is left to the discretion of the trial court, and will only be reversed on appeal upon a showing that the decision was manifestly unsupported by reason or was so arbitrary that it could not have been the result of a reasoned decision. *State v. Womble*, 343 N.C. 667, 690, 473 S.E.2d 291, 304 (1996), *cert. denied*, 117 S. Ct. 775, 136 L. Ed. 2d 719 (1997). In this case, we do not discern an arbitrary or unreasoned decision, as the evidence was relevant to enlighten the jury to the background between the defendant and the victim and to allow them to place into context the reason Ferebee was warned to stay away. We hold that the trial judge did not abuse its discretion by admitting the evidence.

B.

**[3]** Two witnesses, a police officer and a minister, testified about prior statements made by the victim concerning Ferebee's conduct. Ferebee asked for and was denied an instruction on corroboration, and now argues that the trial court erred by denying his request. Evidence of prior consistent statements is admissible for the limited purpose of affirming a witness's credibility, and upon proper request a defendant is entitled to both a limiting instruction at the time of its admission and a jury instruction as to its limited purpose. *State v. Grant*, 57 N.C. App. 589, 592, 291 S.E.2d 913, 915-16, *disc. review denied*, 306 N.C. 560, 294 S.E.2d 225 (1982). Accordingly, it was error for the trial court to not give the instruction. At the retrial, if the prosecution again introduces this evidence, the trial judge should give the corroboration instruction.

We note that Ferebee also argues that the court erred by not declaring a mistrial based on comments made by a prospective juror, that the court erred by admitting details concerning Ferebee's arrest, and that the jury instructions were defective. We find no merit to these contentions and do not consider them further. We also do not address his argument that the trial court erred by not granting his motions to dismiss. For the reasons given above,

New Trial.

Judge EAGLES concurs.

Judge MARTIN, Mark D. concurs in the result only in separate opinion.

Judge MARTIN, Mark D., concurring in the result only.

I concur in the majority's conclusion that the trial court's failure at arraignment to expressly give the defendant a specific deadline for filing his motions is reversible error. I do not join in the majority's statement, however, that "proper consideration of the motions would have led to a change in venue" as I believe this question is properly left for resolution by the trial court on remand.