STATE OF NORTH CAROLINA v. SAMUEL FEREBEE, AKA WILLIAM FEREBEE,
DEFENDANT

No. COA99-651

(Filed 2 May 2000)

**1. Crimes, Other— stalking—elements—warning to desist— subsequent actions**

Defendant is entitled to a new trial in a stalking case because the trial court's instruction given in accordance with the applicable pattern jury instruction was improper since: (1) the instruction incorrectly allowed the jury to consider acts prior to the alleged warning as constituting part of the basis of a stalking conviction; and (2) a review of the pertinent 1993 version of N.C.G.S. § 14-277.3(a) reveals that the requirement that an alleged stalker must be warned to desist and, notwithstanding such warning, thereafter follow or be in the presence of the victim on more than one occasion, is essentially a threshold element that must be proven before a jury may consider the remaining elements.

## 2. Crimes, Other— stalking—instruction on "reasonable fear"

Although the element of "reasonable fear" in a stalking case is not at issue before the Court of Appeals, the trial court is encouraged to instruct the jury on the definition of "reasonable fear" for alleged violations of N.C.G.S. § 14-277.3(a) to ensure that an objective standard, based on what frightens an ordinary, prudent person under the same or similar circumstances, is applied rather than a subjective standard which focuses on the individual victim's fears and apprehensions.

Appeal by defendant from judgment entered 6 January 1999 by Judge Charles H. Henry in Carteret County Superior Court. Heard in the Court of Appeals 30 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Wilkinson and Rader, P.A., by Steven P. Rader, for defendant-appellant.*

SMITH, Judge.

Defendant appeals a judgment entered upon conviction by a jury of "stalking," in violation of N.C.G.S. § 14-277.3(a) (1993) (amended 1997). In pertinent part defendant contends the trial court erred in charging the jury. We remand for a new trial.

The State's evidence at trial tended to show the following: Andrea Hedrick (Hedrick) moved to New Bern in April 1995 and began attending Centenary Methodist Church (the church). Hedrick met defendant one Sunday in church and the two had a "very basic" conversation. The following Sunday defendant approached Hedrick and told her she was "very pretty," and asked if she had a boyfriend. Hedrick replied that she did and defendant stated, "[o]h, that's always how it is. All the pretty ones have boy friends." After their conversation, Hedrick noticed defendant looking at her during church services, and testified that he would wait outside the church and try to approach her as she was leaving. Hedrick related that she began arriving for church late and leaving early to avoid defendant.

Hedrick's place of employment was located on the second floor of a building which also houses a post office, real estate office and delicatessen on the first floor. Defendant frequented the building

**STATE v. FEREBEE**

[137 N.C. App. 710 (2000)]

because he kept a post office box and had conducted business with the real estate office on the first floor. In May of 1995, Hedrick encountered defendant on the first floor while walking to her office, and he asked why she had not been to church in three weeks. Subsequently, in August 1995, defendant approached Hedrick on the first floor of her office building and stated he had seen her playing softball and coaching little girls soccer, which Hedrick in fact had been doing in the previous weeks.

On 4 September 1995, Hedrick drove to Atlantic Beach, located forty-five minutes from her home. While she was lying on the beach, Hedrick noticed defendant sitting four or five feet in front of her, wearing long pants and shoes. Hedrick testified that she immediately put her clothes on, but decided to stay when she saw defendant stand to leave. Hedrick asked someone sitting nearby to escort her to the car after defendant left.

Shortly thereafter, Hedrick called Reverend William Sherman, Jr. (Reverend Sherman), the church minister, and asked him to speak with defendant on her behalf to request that he leave her alone. Approximately one week later, Reverend Sherman told defendant that Hedrick was "very uncomfortable and frightened" by him, and that he "did not need to be near her or around her." Defendant told Reverend Sherman he would stay away from Hedrick.

On 5 May 1996, Hedrick and her friend Chuck Anderson (Anderson), attended church services. The couple sat on the back row and both testified that during the service, defendant, who was sitting on the front row, turned around several times and glared at them. After church, Hedrick and Anderson returned to her apartment and sat on the patio, which faced a residential street. The couple noticed a red car pass by and return within "seconds" driving "very slowly." Both Hedrick and Anderson identified defendant as the driver.

The following day, Hedrick was walking across the parking lot of her office building and defendant approached as she reached her vehicle. Hedrick testified that defendant asked where she was going, and said, "[n]ice day to go to the beach." Hedrick thereafter reported the incident to the police.

Defendant was indicted for felonious stalking 20 May 1996, and convicted thereof by a jury on 29 August 1996. Defendant appealed and this Court granted a new trial based on the trial judge's failure to

consider defendant's motion for change of venue. *See State v. Ferebee*, 128 N.C. App. 710, 499 S.E.2d 459 (1998). On remand, defendant's motion for change of venue was granted, along with his motion to reduce the stalking charge from a felony to a misdemeanor. On 6 January 1999, a jury found defendant guilty of misdemeanor stalking. Based on defendant's prior convictions of stalking, assault on a female, and resisting, obstructing, or delaying a police officer, defendant was classified as having a prior conviction level of II. Defendant elected to serve his suspended sentence of 45 days imprisonment in lieu of probation, and was released after time served. Defendant appeals.

**[1]** Defendant contends the trial court's charge to the jury did not properly set forth the elements required by G.S. § 14-277.3(a), and he was prejudiced thereby.

Initially, we note that G.S. § 14-277.3(a) has been amended by the legislature since defendant's conviction. The 1993 version relevant for this appeal provides as follows:

(a) Offense.—A person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of another person without legal purpose:

(1) With the intent to cause emotional distress by placing that person in reasonable fear of death or bodily injury;

(2) After reasonable warning or request to desist by or on behalf of the other person; and

(3) The acts constitute a pattern of conduct over a period of time evidencing a continuity of purpose.

G.S. § 14-277.3(a) (1993).

Defendant argues the trial court's charge, given in accordance with the pattern jury instructions, "incorrectly allow[ed] the jury to consider acts prior to the alleged warning as constituting part of the basis of a stalking conviction." We agree.

During the charge conference, defense counsel voiced concern regarding the trial court's intent to charge the jury in accordance with the pattern instructions, relating:

[W]ith regard to the third [issue], that the defendant continued his acts after reasonable warning or request to desist, . . . [t]he statute requires specifically that the defendant on more than one

occasion followed or was in the presence of the alleged victim . . . is rather confusing because it's not specifically setting out what the statute requires. The statute specifically says that this has to be done on more than one occasion *after* being warned to cease and desist. (emphasis added).

Judge . . . the instruction that you are quoting from simply says the defendant continued his acts. . . .

The court then asked how defendant would suggest the instruction be charged, and defense counsel replied:

Judge, I would simply request that the defendant on more than one occasion after being warned continued his acts, or some wording to that effect, continued his acts after a reasonable request on behalf of the victim.

The trial court refused defendant's proposal and instructed in accordance with the applicable pattern jury instructions as follows:

The defendant has been accused of stalking. Now, I charge you that for you to find the defendant guilty of stalking the State must prove four things beyond a reasonable doubt.

First, that the defendant willfully on more than one occasion followed or was in the presence of the victim without legal purpose.

Second, that the defendant had the intent to cause emotional distress by placing the victim in reasonable fear of bodily injury. . . .

Third, that the defendant continued his acts after reasonable warning or request to desist made on behalf of the victim.

And fourth, that his acts constituted a pattern of conduct over a period of time evidencing a continuity of purpose.

We believe the trial court's instructions could be construed as improperly allowing the jury to consider acts which occurred prior to Reverend Sherman's warning in determining whether the defendant "willfully on more than one occasion follow[ed]" Hedrick, and if his "acts constituted a pattern of conduct over a period of time evidencing a continuity of purpose." G.S. § 14-277.3(a). Although the given charge tracked applicable pattern jury instructions, pattern instructions, which have neither the force nor effect of the law, may be erroneous and need alteration to conform with the law. *See Wall v. Stout,*

310 N.C. 184, 190-91, 311 S.E.2d 571, 575-76 (1984) (trial court's instructions, "nearly in precise conformity with the pattern jury instructions," were in totality so emphatically favorable to defendant that plaintiffs were entitled to a new trial; ruling based on "exculpatory nature of the pattern jury instructions themselves and to their selections and use by the trial judge"), and *State v. Warren* 348 N.C. 80, 119-20, 499 S.E.2d 431, 453 ("pattern jury instruction . . . has neither the force nor the effect of law . . . [and may be] altered to conform to the law"), *cert. denied,* 525 U.S. 915, 142 L. Ed. 2d 216 (1998).

A criminal statute must be strictly construed with regard to the evil which it is intended to suppress, *see State v. Green,* 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998), *cert. denied,* 525 U.S. 1111, 142 L. Ed. 2d 783 (1999), and interpreted to "give effect to the legislative intent," *In re Banks,* 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978) (citations omitted). It is well established that "[w]hen the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning." *Id.* However,

> when a statute is ambiguous or unclear in its meaning, resort must be had to judicial construction to ascertain the legislative will, and the courts will interpret the language to give effect to the legislative intent.

*Id.* In determining legislative intent, "[w]ords and phrases of a statute must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *Underwood v. Howland,* 274 N.C. 473, 479, 164 S.E.2d 2, 6-7 (1968) (citation omitted) (where statutory "language is ambiguous and the meaning in doubt, judicial construction is required to ascertain the legislative intent"). *See State v. Partlow,* 91 N.C. 550, 552 (1884) (legislative intent "ascertained by appropriate means and *indicia,* such as the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, . . . the remedy, [and] the end to be accomplished").

The statutory elements of G.S. § 14-277.3(a) must be interpreted in context and considered as a whole to render them harmonious with the intent of the entire statute. We hold that the requirement that an alleged stalker must be warned to desist and, notwithstanding such warning, thereafter follow or be in the presence of the victim on more than one occasion, is essentially a threshold element that must

be proven before a jury may consider the remaining elements. This Court has held that while evidence of acts occurring prior to a warning are relevant and admissible under G.S. § 14-277.3(a) "to show the context in which the warning was made," *Ferebee*, 128 N.C. App. at 714, 499 S.E.2d at 462, section 14-277.3(a) "only criminalizes acts that occur after the warning," *id.* Therefore, a conviction for the offense of stalking may not be based upon acts which occurred prior to the time a defendant was warned to desist, but rather upon acts committed after the warning.

In the case *sub judice*, the trial court's charge, while including each essential element of G.S. § 14-277.3(a), fails to precisely set forth as a threshold requirement that defendant was warned or requested to desist and thereafter ignored such warning, giving rise to acts which may serve as a basis for conviction. The only acts which could be considered in finding defendant guilty are those acts which occurred after Reverend Sherman's warning, including allegations that he rode by Hedrick's apartment several times in a short period, and approached her the next day in a parking lot. The trial court's instructions, based on the ambiguous statute, allowed the jury to improperly consider alleged incidents occurring prior to the warning, including the Labor Day beach incident and various encounters between Hedrick and defendant at church and in her office building.

On reviewing the applicable version of G.S. § 14-277.3(a), we find the legislative intent, that the jury consider only those acts committed after a defendant has been warned, would be more effectively relayed though issuance of the following jury instruction:

A person commits the offense of stalking if the person, *after a reasonable warning or request to desist by or on behalf of the other person*, willfully on more than one occasion follows or is in the presence of another person without legal purpose:

(1) With the intent to cause emotional distress by placing that person in reasonable fear of death or bodily injury; and

(2) The acts constitute a pattern of conduct over a period of time evidencing a continuity of purpose.

Based upon the foregoing, we hold the ambiguity of G.S. § 14-277.3(a), as brought forward in the pattern jury instructions, prejudiced defendant and warrants a new trial.

**[2]** Additionally, though the issue is not before us we believe the trial courts would be well advised to define the phrase "reasonable fear" during its instructions in cases decided under the prior or current version of G.S. § 14-277.3(a). While the 1997 amendments to G.S. § 14-277.3(a) substantially altered the proof necessary for a conviction thereunder, the current version continues to require that the alleged victim be placed "in reasonable fear" of harm. *See* G.S. § 14-277.3(a) (1999) ("[a] person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of another person without legal purpose and with the intent to cause death or bodily injury or with the intent to cause emotional distress by *placing that person in reasonable fear* of death or bodily injury").

For alleged violations of G.S. § 14-277.3(a), we encourage the trial courts to instruct the jury as to the definition of "reasonable fear" to ensure that an objective standard, based on what frightens an ordinary, prudent person under the same or similar circumstances, is applied rather than a subjective standard which focuses on the individual victim's fears and apprehensions. *See generally State v. Bruce*, 268 N.C. 174, 182, 150 S.E.2d 216, 223 (1966) (offense of kidnapping frequently committed by threats and intimidation, and "appeals to the fears of the victim which are sufficient to put an ordinarily prudent person in fear for his life or personal safety"), and *State v. Sawyer*, 29 N.C. App. 505, 507, 225 S.E.2d 328, 328-29 (1976) (citation omitted) (show of force or menace of violence for offense of assault "must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm").

Based on the foregoing, we remand for new trial.

New Trial.

Judges WYNN and HORTON concur.