IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA 19-98

 Filed: 17 September 2019

Wayne County, No. 16 CRS 53458

STATE OF NORTH CAROLINA

 v.

JEFFREY LYNN STEPHENSON, Defendant.

 Appeal by defendant from judgments entered 22 February 2018 by Judge

Phyllis M. Gorham in Wayne County Superior Court. Heard in the Court of Appeals

21 August 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General M. Shawn
 Maier, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S.
 Hitchcock for defendant-appellant.

 YOUNG, Judge.

 The trial court lacked jurisdiction to try Stephenson for larceny of motor

vehicle parts because the indictment failed to allege the cost of repairing a single

motor vehicle. Therefore, we vacate the judgment and we need not address

appellant’s other arguments as to larceny of motor vehicle parts. The trial court did

not err in admitting Detective Pierce’s testimony, nor did it err in instructing the

jury. The trial court also did not err in admitting a document to support the

restitution order. Furthermore, the trial court did not err in what it ordered
 STATE V. STEPHENSON

 Opinion of the Court

Stephenson to pay in the restitution order, but did have a clerical error which should

be corrected on remand. Therefore, we affirm in part, dismiss in part, vacate in part,

and remand.

 I. Factual and Procedural History

 In the Spring of 2016, employees at Green’s Auto Salvage (“Green’s”) noticed

that fuel injectors and other parts were disappearing from working engines and that

engines were being damaged. Green’s is a family owned business started by Debbie

Green Lassiter’s (“Mrs. Lassiter”) father. Mrs. Lassiter works at Green’s, along with

her husband Jeffrey Lin Lassiter (“Mr. Lassiter”) and other employees. Mrs. Lassiter

estimated that the fuel injectors had been removed from five to ten engines, possibly

more. Each engine had six fuel injectors, and Green’s sold the individual injectors for

$175 each.

 Mrs. Lassiter testified that there was a hole cut in the fence and tools appeared

that did not belong to any of the salvage yard employees. Green’s installed five

motion-activated cameras. One camera’s footage showed a man entering the salvage

yard through the hole in the fence on two occasions. Jeffrey Lynn Stephenson

(“Stephenson”) admitted that it was him. On both occasions, Stephenson was seen

with a backpack and a bucket. Green’s installed another camera in an attempt to get

the license plate number from a vehicle that had been parking near the salvage yard.

However, the camera went missing and there was no further surveillance.

 -2-
 STATE V. STEPHENSON

 Opinion of the Court

 Green’s provided the footage to the Wayne County Sheriff’s Office and on 18

April 2016 reported to the office that approximately 60 fuel injectors had been seized

and six engines had been damaged. After several months, the Wayne County

Sheriff’s Office received information from the Wilson County Sheriff’s Office about a

crime involving stolen fuel injectors.

 The Wayne County Sheriff’s Office contacted Stephenson, who admitted to

being present at the salvage yard on the two nights when he was captured on

surveillance. Stephenson admitted to the Wayne County Sheriff’s Office that he stole

twenty to thirty Caterpillar-brand fuel injectors in total from the salvage yard, eight

to ten of which he stole on 12 April 2016. Stephenson sold the injectors to an

individual in Virginia. To prevent his arrest, Stephenson contacted Mrs. Lassiter

and offered between $1,500.00 and $2,000.00 if she would not press charges, and she

declined.

 On 3 July 2017, a Wayne County grand jury indicted Stephenson for larceny

of motor vehicle parts, felony possession of stolen goods, injury to personal property,

and first-degree trespass. On 20 February 2018, Stephenson pled guilty to the

misdemeanors of injury to personal property and first-degree trespass.

 After a jury trial on the two felonies, the jury found Stephenson guilty of

larceny of motor vehicle parts and felony possession of stolen goods. The trial court

imposed a sentence of six to seventeen months imprisonment for each of the two

 -3-
 STATE V. STEPHENSON

 Opinion of the Court

felonies, 45 days imprisonment for the injury to personal property charge, and thirty

days imprisonment for the first-degree trespass charge. These sentences were

suspended for thirty-six months of supervised probation. Stephenson was also

ordered to pay restitution in the amount of $26,315. Stephenson filed notice of appeal

on 22 January 2019.

 II. Larceny of Motor Vehicle Parts

A. Standard of Review

 “[W]here an indictment is alleged to be invalid on its face, thereby depriving

the trial court of its jurisdiction, a challenge to that indictment may be made at any

time, even if it was not contested in the trial court.” State v. Wallace, 351 N.C. 481,

503, 528 S.E.2d 326, 341, cert. denied, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). “A

valid bill of indictment is essential to the jurisdiction of the Superior Court to try an

accused for a felony and have the jury determine his guilt or innocence, ‘and to give

authority to the court to render a valid judgment.’ ” State v. Marshall, 188 N.C. App.

744, 748, 656 S.E.2d 709, 712 (2008). “Whether a trial court has subject-matter

jurisdiction is a question of law, reviewed de novo on appeal.” McKoy v. McKoy, 202

N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

B. Analysis

 In his first argument, Stephenson contends that the trial court lacked subject-

matter jurisdiction to try him for larceny of motor vehicle parts because the

 -4-
 STATE V. STEPHENSON

 Opinion of the Court

indictment failed to allege the cost of repairing any motor vehicle required by statute.

We agree.

 Stephenson was indicted for larceny of motor vehicle parts under N.C. Gen.

Stat. § 14-72.8, which provides:

 Unless the conduct is covered under some other provision
 of law providing greater punishment, larceny of a motor
 vehicle part is a Class I felony if the cost of repairing the
 motor vehicle is one thousand dollars ($1,000) or more.

 For purposes of this section, the cost of repairing a motor
 vehicle means the cost of any replacement part and any
 additional costs necessary to install the replacement part
 in the motor vehicle.

N.C. Gen. Stat. § 14-72.8 (2017). Stephenson’s indictment read:

 Jeffrey Lynn Stephenson unlawfully and willfully did
 feloniously steal, take and carry away approximately sixty
 (60) diesel injectors, a motor vehicle part and the personal
 property of Green’s Auto Salvage, Inc., for which the cost of
 repairing the motor vehicle is $175.00 each or an aggregate
 value of $10,500 for all parts.

When this Court interprets a criminal statute, the statute “must be strictly construed

with regard to the evil which it is intended to suppress . . . and interpreted to give

effect to the legislative intent.” State v. Ferebee, 137 N.C. App. 710, 715, 529 S.E.2d

686, 689 (2000) (internal quote omitted). In determining legislative intent, this Court

first looks to the language of the statute, and if the language is “clear and

unambiguous,” it will apply the “plain meaning of the words.” State v. Lail, 251 N.C.

App. 463, 469, 795 S.E.2d 401, 407 (2016). If the statute is in any way ambiguous,

 -5-
 STATE V. STEPHENSON

 Opinion of the Court

this Court must apply the rule of lenity and “strictly construe the statute in favor of

the defendant.” State v. Conway, 194 N.C. App. 73, 79, 669 S.E.2d 40, 44 (2008).

 Here, the plain language of N.C. Gen. Stat. § 14-72.8 demonstrates the General

Assembly’s express intent for the larceny described in the statute to constitute a

felony “if the cost of repairing the motor vehicle” — including the “costs necessary to

install the replacement part in the motor vehicle” — is $1000 or more.

N.C. Gen. Stat. § 14-72.8 (emphasis added). Therefore, the statute’s requirement of

$1,000 in repair costs refers to the cost to repair a single vehicle, not the cost to repair

multiple vehicles in the aggregate, nor the value of car parts stolen where no vehicle

is involved. N.C. Gen. Stat. § 14-72.8 (2017).

 The State contends that Stephenson was properly indicted on the charge at

issue because the aggregate value for all parts Stephenson seized exceeded the

statutory requirement of $1,000. Furthermore, the State concedes it could have

proceeded solely on the value of the goods stolen sufficient to support a conviction for

theft of property, as Stephenson admitted to seizing twenty to thirty fuel injectors,

which the State established as having a value of $175 each.

 Since a valid indictment would not support aggregation, nor the mere theft of

car parts where no actual vehicle is damaged, this indictment is invalid on its face.

“Invalid indictments deprive the trial court of its jurisdiction.” State v. Culbertson,

__ N.C. App. __, __, 805 S.E.2d 511, 516 (2017). “When the record shows a lack of

 -6-
 STATE V. STEPHENSON

 Opinion of the Court

jurisdiction in the lower court, the appropriate action on the part of the appellate

court is to arrest judgment or vacate any order entered without authority.” State v.

Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). Upon review, in substituting

our judgment for that of the trial court’s, we conclude the indictment was facially

invalid and therefore insufficient to confer subject-matter jurisdiction on the court.

We vacate the judgment and conviction and remand to the trial court with

instructions to arrest the judgment on this charge.

 III. Testimonial Evidence

A. Standard of Review

 “In criminal cases, an issue that was not preserved by objection noted at trial.

. . may be made the basis of an issue on appeal when [it]. . . amount[s] to plain error.”

N.C. R. App. P. 10(a)(4). Plain error arises when the error is “‘so basic, so prejudicial,

so lacking in its elements that justice cannot have been done[.]’” State v. Odom, 307

N.C. 655, 660, 300 S.E.2d 375, 378 (1983). “Under the plain error rule, a defendant

must convince this Court not only that there was error, but that absent the error, the

jury probably would have reached a different result.” State v. Jordan, 333 N.C. 431,

440, 426 S.E.2d 692, 697 (1993).

B. Analysis

 In his second argument, Stephenson contends that the trial court plainly erred

by admitting testimony regarding an unauthenticated document, the contents of

 -7-
 STATE V. STEPHENSON

 Opinion of the Court

which included inadmissible hearsay and violated Stephenson’s confrontation rights.

We disagree.

 The trial court admitted testimony from Detective Scott Pierce (“Detective

Pierce”) regarding his conversations with an employee of Goldfarb and Associates

(“Goldfarb”), an auto parts company in Maryland. Detective Pierce testified that the

employee told him Stephenson sold auto parts to Goldfarb, and that the employee

sent Detective Pierce purchase orders related to Stephenson’s transactions. The log

identified 147 fuel injectors among other parts purchased from Stephenson for

$9,835.00. Detective Pierce took handwritten notes about the information he received

as a part of his investigative file.

 Despite Stephenson’s contention, the testimony of Detective Pierce was not

offered to prove that Stephenson stole anything; rather, it was offered to describe

Detective Pierce’s investigation pertaining to the matter at issue. “[W]henever an

extrajudicial statement is offered for a purpose other than proving the truth of the

matter asserted, it is not hearsay.” State v. Bishop, 346 N.C. 365, 379, 488 S.E.2d 769,

776 (1997). Because the testimony offered by Detective Pierce was not offered to

prove the truth of the matter asserted, it fell outside the definition of hearsay and we

find no error in its admission. Furthermore, based on a totality of the evidence, it is

unlikely that the jury would have reached a different verdict had the evidence not

been admitted.

 -8-
 STATE V. STEPHENSON

 Opinion of the Court

 IV. Jury Instructions

A. Standard of Review

 As provided above, an issue on appeal that was not preserved by objection at

trial is reviewed for plain error. N.C.R. App. P. 10(a)(4). “Under the plain error rule,

the defendant must convince this Court not only that there was error, but that absent

the error, the jury probably would have reached a different result.” Jordan, 333 N.C.

at 440, 426 S.E.2d at 697.

B. Analysis

 In his third argument, Stephenson contends the trial court plainly erred by

failing to instruct the jury that for Stephenson to be guilty of felonious possession of

stolen goods, he had to possess more than $1,000 worth of stolen goods at a single

moment in time. We disagree.

 Stephenson essentially argues that the trial court should have, sua sponte,

instructed the jury as to the possession of $1,000 worth of stolen goods at a single

moment in time. However, even if it was error to fail to instruct the jury in this case

regarding possession of $1,000 worth of stolen goods at a single moment in time, such

error was harmless. Stephenson testified to having removed up to thirty injectors

from Green’s on two occasions, with each weighing from seven to nine pounds.

Stephenson admitted to having a bucket and a backpack with him at Green’s.

However, Stephenson also acknowledges that with the weight of the injectors it could

 -9-
 STATE V. STEPHENSON

 Opinion of the Court

not all have been stolen at once. Each injector was valued at $175. Since up to thirty

injectors were removed in only two trips, and carrying only seven injectors at one

time would total more than $1,000, it would not be unreasonable to believe that

Stephenson was in possession of at least $1,000 worth of stolen goods at a single

moment in time. Therefore, even if the trial court had instructed the jury accordingly,

it is likely that the jury would have reached the same result. Therefore, the trial

court did not err in its jury instructions.

 V. Multiple Judgments

A. Standard of Review

 “Whether multiple punishments were imposed contrary to legislative intent

presents a question of law, reviewed de novo by this Court.” State v. Hendricksen,

809 S.E.2d 391, 393, 2018 N.C App. LEXIS 34 (2018).

B. Analysis

 In his fourth argument, Stephenson contends that the trial court erred by

entering judgment against Stephenson for both larceny and possession of stolen goods

because the two convictions involved the same property. Because we have vacated

the conviction for larceny of motor vehicle parts, we dismiss this argument.

 “Our Supreme Court has held that the legislature did not intend to punish a

defendant for possession of the same goods that he stole.” State v. Szucs, 207 N.C.

App. 694, 702-03, 701 S.E.2d 362, 368 (2010). “A trial court’s judgment must be

 - 10 -
 STATE V. STEPHENSON

 Opinion of the Court

arrested in one of the two cases where a defendant has been convicted of both larceny

and possession of the same stolen property.” State v. Spencer, 187 N.C. App. 605, 612,

654 S.E.2d 69, 73 (2007). Here, we have vacated the conviction for larceny of motor

vehicle parts and are only reviewing the conviction for felonious possession of stolen

property. Therefore, we dismiss this argument for mootness.

 VI. Restitution

A. Standard of Review

 A trial court’s award of restitution “must be supported by evidence adduced at

trial or at sentencing . . . Nonetheless, the quantum of evidence needed to support a

restitution award is not high.” State v. Moore, 365 N.C. 283, 285, 715 S.E.2d 847, 849

(2011). In cases where “there is specific testimony or documentation to support the

award, the award will not be disturbed.” Id. On appeal, this Court reviews de novo

whether a restitution award is supported by evidence. State v. Wright, 212 N.C. App.

640, 645, 711 S.E.2d 797, 801 (2011).

 “[We review alleged sentencing errors for] ‘whether [the] sentence is supported

by evidence introduced at the trial and sentencing hearing.’ ” State v. Deese, 127 N.C.

App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1)

(Cum. Supp. 1996)).

B. Analysis

 - 11 -
 STATE V. STEPHENSON

 Opinion of the Court

 In his last argument, Stephenson contends that the trial court erred by basing

its restitution order on a document Stephenson had never seen. We disagree.

 a. Notice

 The document at issue is an estimate from Edward Truck Service, the company

that Mrs. Lassiter contacted for an estimate of how much it would cost to repair an

engine from which the injectors had been removed. The relevant portion of the

restitution statute provides:

 The court may require that the victim or the victim’s estate
 provide admissible evidence that documents the costs
 claimed by the victim or the victim’s estate under this
 section. Any such documentation shall be shared with the
 defendant before the sentencing hearing.

N.C. Gen. Stat. § 15A-1340.35(b). The phrase “any such documentation” refers to

evidence that the trial court “may require.” Here, the trial court did not require

Green’s to provide documentation, but the State provided it anyway. As a result, the

State was not required by statute to provide notice of the document to Stephenson.

 Even if notice of the document had been required, Stephenson was not

prejudiced because there was ample evidence to support the restitution amount

before the trial court. “[T]he quantum of evidence needed to support a restitution

award is not high.” State v. Moore, 365 N.C. 283, 285, 715 S.E.2d 847, 849 (2011).

Mrs. Lassiter, who has thirty years of experience in valuing, buying, and selling

trucks, truck parts, and engines, testified as to the value of the stolen parts. Although

 - 12 -
 STATE V. STEPHENSON

 Opinion of the Court

the State entered the Edward Truck Service estimate as an exhibit, it could have

relied solely on Mrs. Lassiter’s testimony to support the restitution amount. She

testified that the cost to repair an engine was $2,963.16.

 Since the State was not required to provide notice of the document to

Stephenson, and since Stephenson was not prejudiced by not receiving notice, the

trial court did not err in admitting the document that Stephenson had not seen.

 b. Amount of Restitution

 Stephenson further contends that the trial court erred by ordering him to pay

for more items than he was convicted of stealing. We disagree.

 The trial court entered restitution based on two separate charges: possession of

stolen goods and injury to personal property. Stephenson stipulated to stealing 60

injectors. The trial court valued the injectors at $175 apiece, for a total of $10,500.

 Stephenson also entered a guilty plea on count III of the indictment which stated

that Stephenson “unlawfully and willfully did wantonly injure personal property, to

wit: six (6) Cummins and Detroit Diesel Engines, the property of Green’s Auto

Salvage, Inc.” The court, based on an invoice from Edward Truck Service, valued the

cost of repair to one engine at $2,963.16. Since the State only sought restitution for

five of the engines, the total value to repair the engines was $14,815.80. This is a

grand total of $25,315.80 in restitution.

 - 13 -
 STATE V. STEPHENSON

 Opinion of the Court

 Stephenson’s argument that he is being required to pay for more than he stole

is without merit. He contends that he is being charged for 90 injectors, which is

untrue. The supporting invoice shows restitution for the damage to the engines and

for the replacement of the injectors in those engines, and Stephenson stipulates that

he stole 60 injectors. The restitution order is supported by evidence and does not

charge Stephenson with more than he should be charged. Therefore, the trial court

did not err in the restitution order.

 c. Miscalculation

 The trial court erred in adding the amounts for the stolen injectors ($10,500) and

the damaged engines ($14,815.80). The correct total is $25,315.80, not $26,315.80.

The difference in the restitution amounts was a scrivener’s error that should be

corrected on remand. See State v. Brooks, 148 N.C. App. 191, 195, 557 S.E.2d 195,

197-98 (2001) (remand to trial court for correction of clerical error in sentencing

proper) disc. rev. denied, 355 N.C. 287,560 S.E.2d 808 (2002).

 AFFIRMED IN PART, DISMISSED IN PART, VACATED IN PART, AND

REMANDED.

 Judges DILLON and ZACHARY concur.

 - 14 -