STATE OF NORTH CAROLINA v. ANTONIO TOREZ COUSART

No. COA06-569

(Filed 6 March 2007)

### 1. Minors— contributing to delinquency of minor—no requirement jury must agree on offense

The trial court did not commit plain error in a contributing to the delinquency of a minor case by failing to require the jury to ·agree on the offense for which the juvenile could have been adjudicated delinquent, because: (1) the evidence was sufficient to support a conclusion that defendant aided or encouraged his younger brother to drive without a license, break into a motor vehicle, and/or steal stereo equipment from the vehicle; (2) any person who knowingly does any act to produce, promote, or contribute to any condition of delinquency of a child is in violation of N.C.G.S. § 14-316.1; (3) the gravamen of the crime is the conduct on the part of the accused which is his willful causing, encouraging, or aiding; and (4) the requirement of unanimity is satisfied as long as all jurors agree that the juvenile committed an act whereby he could be adjudicated delinquent.

### 2. Probation and Parole— failure to make findings required by N.C.G.S. § 15A-1343.2(d)

The trial court erred in a misdemeanor larceny and contributing to the delinquency of a minor case by sentencing defendant to twenty-four months of probation without making the findings required by N.C.G.S. § 15A-1343.2(d) that more than eighteen months of probation was required, and defendant's sentence is reversed and remanded for resentencing.

### 3. Sentencing— restitution—amount

The trial court did not err in a misdemeanor larceny and contributing to the delinquency of a minor case by ordering defendant to pay $787 restitution even though defendant contends the record did not support this amount and the court did not comply with the requirements of N.C.G.S. § 15A-1340.36, because: (1) the owner of the stolen stereo equipment testified at trial that it originally cost $787; (2) evidence revealed that some stereo components were never recovered, others were damaged by having wires cut, and the car had a hole in the dashboard; (3) when, as here, there is some evidence as to the appropriate amount of

STATE v. COUSART

[182 N.C. App. 150 (2007)]

restitution, the recommendation will not be overruled on appeal; and (4) the trial court considered the pertinent factors in setting the amount of restitution.

Appeal by defendant from judgment entered 21 October 2005 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 December 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General J. Allen Jernigan, for the State.*

*Mecklenburg County Office of the Public Defender, by Assistant Public Defender Julie Ramseur Lewis, for defendant.*

LEVINSON, Judge.

Antonio Cousart (defendant) appeals from judgment entered on his convictions of misdemeanor larceny and contributing to the delinquency of a minor. We find no error in part and reverse in part.

In February 2004 defendant was arrested for felony larceny and contributing to the delinquency of a minor. He was subsequently indicted for both offenses, as well as breaking and entering a motor vehicle. The case was tried before a jury at the 17 October 2005 session of criminal court in Mecklenburg County, North Carolina. At trial, the State's evidence tended to show, in pertinent part, the following:

M.D. Burpeau testified that on 5 February 2004 he was an officer with the Charlotte-Mecklenburg Police Department and was assigned to the night shift. At around 3:00 a.m., Officer Burpeau drove into the parking lot of an apartment complex, where he immediately noticed a car driving towards "another section" of the complex. His suspicions were aroused because of the late hour, so Officer Burpeau circled around and drove towards the vehicle. As he approached the car he had seen, Officer Burpeau noticed a Honda automobile parked in the lot with a door slightly open and an interior light on. When he looked into that car, Officer Burpeau saw that there was a hole in the car's dashboard where a music system would generally be installed. The car that Officer Burpeau had seen when he first entered the lot was only about fifty yards from the Honda. When Officer Burpeau reached the car, he saw the defendant in the front of the car and asked him to step outside. Defendant explained that he could not get out of the car because he was paralyzed from the waist down, so

STATE v. COUSART

[182 N.C. App. 150 (2007)]

Officer Burpeau summoned another officer for assistance. Defendant told Officer Burpeau that he and his brother had come to the apartment complex to visit someone. While they waited for backup to arrive, a "young juvenile" approached and identified himself as defendant's fourteen year old younger brother.

After about ten minutes, Officer Antley of the Charlotte-Mecklenburg Police Department arrived. When the law enforcement officers lifted defendant out of the car, they saw the face plate of a car CD player, and more stereo equipment was found in the trunk of the car. Defendant claimed ownership of all the stereo equipment found in the car. He was placed under arrest for contributing to the delinquency of a minor, specifically for allowing his younger brother to drive the car. Other testimony tended to show that the audio equipment found in defendant's car had been taken from the Honda that night.

The defendant did not present any evidence.

The jury returned verdicts of guilty of misdemeanor larceny and contributing to the delinquency of a minor, and was unable to reach a verdict on the charge of breaking and entering a motor vehicle. Defendant received two suspended forty five day jail terms. From these convictions and judgments defendant appeals.

---

[1] Defendant argues first that, as to contributing to the delinquency of a minor, the trial court committed plain error by failing to require the jury to agree on the offense for which the juvenile could have been adjudicated delinquent. Trial evidence was sufficient to support a conclusion that defendant aided or encouraged his younger brother to: (1) drive without a license; (2) break into a motor vehicle; and/or (3) steal stereo equipment from the vehicle. Defendant contends that the trial court was required to instruct the jury that it must agree on one of these specific acts, and that the court's failure to do so "is a violation of Article I, § 24 of the North Carolina Constitution" which protects defendant's right to a unanimous jury verdict. We disagree.

"The North Carolina Constitution and North Carolina Statutes require a unanimous jury verdict in a criminal jury trial." *State v. Lawrence*, 360 N.C. 368, 373-74, 627 S.E.2d 609, 612 (2006). However:

In *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990), this Court considered whether disjunctive jury instructions . . . for charges of indecent liberties with a minor resulted in an ambigu-

ous or uncertain verdict such that a defendant's right to a unanimous verdict might have been violated. As explained in a subsequent opinion discussing the *Hartness* line of cases, this Court held that "if the trial court merely instructs the jury disjunctively as to various alternative acts *which will establish an element of the offense,* the requirement of unanimity is satisfied."

*State v. Lawrence,* 360 N.C. 368, 373-74, 627 S.E.2d 609, 612 (2006) (quoting *State v. Lyons,* 330 N.C. 298, 303, 412 S.E.2d 308, 312 (1991)). In *Hartness,* the Court concluded that a violation of the crime of indecent liberties "is a single offense which may be proved by evidence of the commission of any one of a number of acts." *Hartness,* 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990). The Court reasoned that the accused's "purpose for committing such act is the gravamen of [the] offense; the particular act performed is immaterial." *Id.* Thus, *Hartness* concluded, there was no unanimity problem even if jurors did not agree on the particular act(s) that occurred.

In the instant case, defendant was charged with violating N.C. Gen. Stat. § 14-316.1 (2005):

Any person who is at least 16 years old who knowingly or willfully causes, encourages, or aids any juvenile within the jurisdiction of the court to be in a place or condition, or to commit an act whereby the juvenile could be adjudicated delinquent . . . shall be guilty of a Class 1 misdemeanor. . . .

"Simply stated, any person who knowingly does any act to produce, promote or contribute to <u>any condition</u> of delinquency of a child is in violation of the statute." *State v. Sparrow,* 276 N.C. 499, 509, 173 S.E.2d 897, 903 (1970) (emphasis added). We conclude, applying the reasoning of *Hartness* and cases interpreting it, that the <u>gravamen</u> of the crime of contributing to the delinquency of a minor is the <u>conduct on the part of the accused</u>: his willful "caus[ing], encourag[ing], or aid[ing] . . . ." We further conclude that the requirement of unanimity is satisfied as long as all jurors agree that the juvenile committed "an act whereby [he] could be adjudicated delinquent . . . ." *See* G.S. § 14-316.1. They need not, however, agree on the particular act. This assignment of error is overruled.

---

**[2]** Defendant next argues that the court erred by sentencing him to twenty-four months probation without finding, as required by N.C. Gen. Stat. § 15A-1343.2(d) (2005), that more than eighteen months probation was necessary. We agree.

Defendant had no prior convictions and was properly found to have a Prior Record Level I for two Class 1 misdemeanors. N.C. Gen. Stat. § 15A-1340.21(b)(1) (2005). The trial court properly sentenced defendant to terms of forty-five days for each offense, and placed him on supervised probation. However, the trial court did not comply with G.S. § 15A-1343.2(d):

> . . . Unless the court makes specific findings that longer or shorter periods of probation are necessary, the length of the original period of probation . . . shall be as follows:

> (1) For misdemeanants sentenced to community punishment, not less than six nor more than 18 months. . . .

Defendant argues, and the State concedes, that the trial court erred by placing defendant on probation for twenty-four months without making the findings required by G.S. § 15A-1343.2(d). Accordingly, defendant's sentence must be reversed and remanded for resentencing.

---

[3] Finally, defendant argues that the trial court erred by ordering defendant to pay $787.00 restitution, on the grounds that (1) the record did not support this amount of restitution; and (2) the court did not comply with the requirements of N.C. Gen. Stat. § 15A-1340.36 (2005). Assuming, *arguendo*, that defendant properly preserved these issues for review, we reject defendant's arguments.

The owner of the stolen stereo equipment testified at trial that it originally cost $787.00. Other evidence indicated that some stereo components were never recovered, others were damaged by having wires cut, and that the car had a hole in the dashboard. The trial court found, based on viewing the CD equipment and reviewing the testimony of the law enforcement officers and the car's owner, that restitution in the amount that the stereo had originally cost was "reasonable to cover the damage that was done to the vehicle and to the equipment."

" '[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing.' " *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) (quoting *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)) (citation omitted). "However, '[w]hen, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.' " *State v. Davis*,

**IN RE B.N.S.**

[182 N.C. App. 155 (2007)]

167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005) (quoting *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986)). This assignment of error is overruled.

We have reviewed defendant's remaining argument, that the trial court failed to consider certain factors in setting the amount of restitution. Assuming, *arguendo*, that the issue is preserved for review, we find it to be without merit.

For the reasons discussed above, we conclude that defendant had a fair trial, free of reversible error. However, his sentence must be reversed and remanded for resentencing.

No error in part, reversed and remanded in part.

Judges GEER and JACKSON concur.