STATE OF NORTH CAROLINA v. DERRICK RAHEEM SWANN

No. COA08-1195

(Filed 19 May 2009)

## 1. Evidence— DNA from prior arrest—expungement refused

The trial court did not err by denying defendant's motion to suppress DNA evidence from a prior charge that was dismissed by the State where there had been no order of expunction of the DNA evidence in the prior case; the provisions for expunction were not met; and defendant was attempting to have a court retroactively expunge his DNA record after he had been identified as the perpetrator of other crimes, rather than expungement for prospective effect.

## 2. Probation and Parole— restitution—supporting evidence not sufficient

The trial court erred by ordering restitution as a condition of post-release supervision or from work release earnings where there was no stipulation or evidence introduced at the sentencing hearing to support the calculation of the amount of restitution recommended.

Appeal by defendant from judgments entered 7 April 2008 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 4 May 2009.

*Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.*

*Leslie C. Rawls, for defendant-appellant.*

STEELMAN, Judge.

The trial court's denial of defendant's motion to suppress DNA evidence is affirmed on three separate bases. First, the record before us does not contain an order for the expunction of DNA evidence collected in a prior criminal proceeding as asserted by defendant. Second, the statutory prerequisites to expunction are not present in the instant case as defendant's previous criminal charges were neither dismissed by the trial court, nor did an appellate court reverse and dismiss a previous conviction. Third, the plain language of the expunction statutes clearly indicate that they are to be applied

**STATE v. SWANN**

[197 N.C. App. 221 (2009)]

prospectively and would not prohibit law enforcement from utilizing DNA records obtained in other criminal matters prior to the entry of the order of expunction.

Where there was no stipulation and no testimony supporting the amount of restitution, the award must be vacated and the matter remanded for a new hearing.

## I. Factual and Procedural History

In 2006, defendant was charged with felonious possession of burglary tools, felonious breaking and entering, and second degree trespass. Incident to his arrest, officers obtained a buccal swab containing a sample of defendant's DNA. Defendant's DNA profile was logged into the State Bureau of Investigation's DNA database. Subsequently, these charges were dismissed by the District Attorney because the officer failed to bring the paperwork for the case to the District Attorney's Office.

Defendant's DNA profile matched DNA evidence in other cases, leading to defendant's being indicted on 16 January 2007 for two counts of first degree rape, two counts of first degree sexual offense, two counts of felonious breaking and entering, two counts of robbery with a dangerous weapon, two counts of first degree kidnapping, assault on a child under the age of 12, and second degree kidnapping. On 2 November 2007, defendant filed a motion to suppress the DNA evidence obtained from the earlier breaking and entering charges based upon the lack of defendant's consent and constitutional violations. On the same date, defendant filed a petition to expunge the earlier charges and to expunge all DNA evidence obtained incident to the earlier charges pursuant to N.C. Gen. Stat. § 15A-146.

The motion to suppress was heard before Judge Cayer on 11 February 2008. At that hearing, defendant offered the petition for expunction into the evidence. Judge Cayer denied the motion to suppress. On 7 April 2008, defendant pled guilty to all charges before Judge Caudill. Defendant's plea agreement specifically reserved the right to appeal the denial of his motion to suppress. The trial court imposed four active sentences of 288-355 months imprisonment and two active sentences of 77-102 months imprisonment, with all sentences to run consecutively. In one judgment, the trial court recommended restitution in the amount of $510.00 as a condition of post-release supervision, if applicable, or from work release earnings. Defendant appeals.

STATE v. SWANN

[197 N.C. App. 221 (2009)]

## II. Motion to Supress

[1] In his first argument, defendant contends the trial court erred by denying his motion to suppress evidence of his DNA records obtained in the earlier charges. We disagree.

Defendant argues:

Judge Moore ordered the DNA evidence destroyed on November 8, 2007. (R. p. 21.) The statute directs that the DNA evidence must be destroyed upon the judge's order. N.C. Gen. Stat. §§ 15A-146(b2) and 15A-266.10(b). When Judge Cayer denied the Motion to Suppress without regard to the expunction order, he effectively disregarded or overruled the prior court decision in violation of law. [Appellant's brief p.8]

This argument is completely without merit for three separate and independent reasons.

First, defendant misrepresents the actions of Judge Moore on 8 November 2007. Upon the filing of defendant's petition on form AOC-CR-264 (Rev. 2/06), Judge Moore, on 8 November 2007, entered a request to the State Bureau of Investigation for any Criminal History Record Information for the petitioner (defendant). Judge Moore further requested that the Records Officer of the Administrative Office of the Courts provide the court with information as to whether petitioner had previously been granted an expunction or dismissal and discharge in North Carolina. This is the only judicial action reflected in the record of this case with respect to defendant's petition for expunction. The record is totally devoid of any ruling by any judge on defendant's petition for expunction. It is the responsibility of defendant to include in the record on appeal all documents necessary for this Court to consider his assignments of error. *State v. Trull*, 153 N.C. App. 630, 634, 571 S.E.2d 592, 596 (2002), *disc. review denied*, 356 N.C. 691, 578 S.E.2d 597 (2003). Based upon the record before us, there is no order of expunction as to the DNA evidence collected in the earlier case.

Second, there are two provisions in Article 5 of Chapter 15A dealing with the expunction of DNA records; N.C. Gen. Stat. § 15A-146(b1)–(b2) and N.C. Gen. Stat. § 15A-148 (2007). N.C. Gen. Stat. § 15A-146(b1) provides that a person can apply for an order expunging DNA records "when the person's case has been dismissed by the trial court and the person's DNA record or profile has been included in the State DNA Database . . . ." Defendant's earlier charges

were not dismissed by the trial court, but rather were voluntarily dismissed by the District Attorney. Thus, N.C. Gen. Stat. § 15A-146(b1) and (b2) are not applicable to defendant. N.C. Gen. Stat. § 15A-148(a) provides for the expunction of DNA records "following the issuance of a final order by an appellate court reversing and dismissing a conviction of an offense for which a DNA analysis was done . . . or upon receipt of a pardon of innocence with respect to any such offense . . . ." Neither of these prerequisites are present in defendant's case.

Third, defendant is attempting to have the court retroactively expunge his DNA records after they had been used by law enforcement to identify him as the perpetrator of a number of crimes. We do not believe that this is contemplated by the expunction statute. "The purpose of the statute is to clear the public record of entries so that a person who is entitled to expunction may omit reference to the charges to potential employers and others, and so that a records check for prior arrests and convictions will not disclose the expunged entries." *State v. Jacobs*, 128 N.C. App. 559, 569, 495 S.E.2d 757, 764, *disc. rev. denied*, 348 N.C. 506, 510 S.E.2d 665 (1998). " 'Expungement' means to erase all evidence of the event as if it never occurred." 21A Am. Jur. 2d *Criminal Law* § 1219 (2008) (citing *State v. C.P.H.*, 707 N.W.2d 699, 705 (Minn. Ct. App. 2006)).

N.C. Gen. Stat. § 15A-146 has two sections discussing the effect of an expunction, (a) and (a1), which contain the identical provision:

> No person *as to whom such an order has been entered shall be held thereafter* under any provision of any law to be guilty of perjury, or to be guilty of otherwise giving a false statement or response to any inquiry made for any purpose, by reason of his failure to recite or acknowledge any expunged entries concerning apprehension or trial.

(Emphasis added). While the expungement of a record wipes it out as it never existed, it is clear that this only occurs *after* the order of expunction has been entered. The highlighted text in the above quoted statute clearly shows the intent of the legislature that the effect of the expunction is prospective only. Thus, even assuming *arguendo* that an order of expunction was entered on 8 November 2007 (which is not shown by the record in this case), this was after the police had utilized the State Bureau of Investigation's DNA Database to identify defendant as the perpetrator of the crimes that are the subject of this appeal. The subsequent granting of an expunc-

tion would not prevent the State from using the DNA evidence in these cases.

Defendant does not argue the other bases for his suppression motion on appeal and they are deemed abandoned. N.C.R. App. P. 28(b)(6) (2008).

For each of the reasons set forth above, Judge Cayer did not err in denying defendant's motion to suppress. This assignment of error is without merit.

### III.  Restitution

[2] In his second argument, defendant contends and the State concedes, that the trial court erred in recommending that defendant pay restitution in the amount of $510.00 because the award is not supported by competent evidence. We agree.

In support of the award, the prosecutor presented a restitution worksheet stating one of the rape victims sought restitution in the amount of $510.00. The victim did not testify and the worksheet was not supported by any documentation. Defendant did not stipulate to the worksheet. The prosecutor stated to the court that the amount represented "additional repairs and medical expenses." A prosecutor's unsworn statement, standing alone, is insufficient to support an award of restitution. *State v. Wilson,* 340 N.C. 720, 727, 459 S.E.2d 192, 196 (1995). In the absence of a stipulation or evidence introduced at the sentencing hearing to support the calculation of the amount of restitution recommended, the award of restitution in the consolidated judgment entered on case numbers 06 CRS 58868, 06 CRS 258871, 06 CRS 258873, and 06 CRS 258879 must be vacated and the matter remanded for a new hearing on the issue of restitution. *See State v. Calvino,* 179 N.C. App. 219, 223, 632 S.E.2d 839, 843 (2006).

AFFIRMED IN PART, ORDER OF RESTITUTION VACATED AND MATTER REMANDED FOR A NEW HEARING ON RESTITUTION.

Judges HUNTER, ROBERT C. and JACKSON concur.