STATE OF NORTH CAROLINA v. ROGER GENE MOORE

No. 94A11

(Filed 7 October 2011)

**Damages and Remedies— restitution—amount not supported by evidence**

The Court of Appeals' decision vacating a restitution award was reversed where there was some evidence to support an award of restitution, but the evidence presented did not adequately support the particular amount awarded. The matter was remanded to the Court of Appeals for further remand to the trial court for a new hearing to determine the appropriate amount of restitution.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, —— N.C. App. ——, 705 S.E.2d 797 (2011), finding no error in defendant's trial resulting in a judgment entered on 4 February 2010 by Judge Laura J. Bridges in Superior Court, Buncombe County, but vacating an order of restitution contained therein. Heard in the Supreme Court 7 September 2011.

*Roy Cooper, Attorney General, by Terence D. Friedman, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Kathleen M. Joyce, Assistant Appellate Defender, for defendant-appellee.*

**STATE v. MOORE**

[365 N.C. 283 (2011)]

HUDSON, Justice.

This case presents the question whether evidence adequately supported an award of restitution ordered as a condition of probation. We hold that, while there was some evidence to support an award of restitution, the evidence presented did not adequately support the particular amount awarded here. Accordingly, we reverse the Court of Appeals decision vacating the award and remand to the trial court.

On 3 February 2010, defendant Roger Gene Moore was convicted of obtaining property by false pretense. The trial court sentenced defendant to six to eight months in prison, suspended subject to supervised probation. As a condition of his probation, defendant was ordered to pay restitution in the amount of $39,332.49. On appeal, a divided Court of Appeals panel affirmed defendant's conviction, but vacated the restitution award as unsupported by the evidence. *State v. Moore*, ⸺ N.C. App. ⸺, ⸺, ⸺, 705 S.E.2d 797, 800, 804 (2011). The State appealed as of right based on the dissenting opinion. The sole issue before this Court is whether the evidence adequately supported the restitution award.

The evidence at trial pertaining to this issue is summarized here. Defendant's brother, Clayton Moore, died intestate in 2003. Clayton Moore owned a small house and lot in Woodfin, North Carolina, which passed to his minor son, Dale Moore. Tanya McCosker, Clayton Moore's widow and Dale Moore's mother, made some improvements to the house beginning in 2003 in preparation for renting it out but she never did so. The house remained unoccupied, and because Ms. McCosker lived some distance from the property, she rarely checked on it. Defendant Roger Moore owned property adjacent to the house.

In 2007, unknown to Ms. McCosker, defendant rented out the empty house to two transients, Michael Alan Wilson and Frederick Phythian. Phythian gave defendant five monthly payments of three hundred dollars each in late 2007 and in May 2008. In January 2009 Ms. McCosker visited the house and found it badly damaged. The front screen door and windows were broken; the cabinets had been taken down; the walls were dented; there was a hole in the floor; the carpet was ruined; and there were feces in the bathtub. Ms. McCosker's report of a break-in led to the discovery of defendant's actions, and he was arrested and charged with obtaining property by false pretense.

STATE v. MOORE

[365 N.C. 283 (2011)]

At trial Ms. McCosker testified that she had obtained an estimate for repairs to the house, which totaled "[t]hirty-something thousand dollars." She also verified that she had "submitted to the district attorney's office an estimate for repairs." The record on appeal contains no such estimate, but does contain the State's restitution worksheet showing the amount requested as $39,332.49. The worksheet is not itemized.

We have previously stated that "the amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing." *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995) (citing *State v. Daye*, 78 N.C. App. 753, 756, 338 S.E.2d 557, 560, *aff'd per curiam*, 318 N.C. 502, 349 S.E.2d 576 (1986)). Though this Court has not explicitly addressed this issue, the Court of Appeals has repeatedly held that "a restitution worksheet, unsupported by testimony or documentation, is insufficient to support an order of restitution." *State v. Mauer*, 202 N.C. App. 546, 552, 688 S.E.2d 774, 778 (2010) (citing *State v. Swann*, 197 N.C. App. 221, 225, 676 S.E.2d 654, 657-58 (2009)).

Nonetheless, the quantum of evidence needed to support a restitution award is not high. "When . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986). In applying this standard our appellate courts have consistently engaged in fact-specific inquiries rather than applying a bright-line rule. Prior case law reveals two general approaches: (1) when there is *no* evidence, documentary or testimonial, to support the award, the award will be vacated, and (2) when there is specific testimony or documentation to support the award, the award will not be disturbed. *Compare Daye*, 78 N.C. App. at 757-58, 338 S.E.2d at 561 (vacating restitution award when the only evidence presented was the prosecutor's unsworn statement indicating an estimated amount of appropriate restitution), *with State v. Cousart*, 182 N.C. App. 150, 154-55, 641 S.E.2d 372, 375 (2007) (holding that testimony that a stolen stereo was purchased for $787.00 supported restitution award of that exact amount).

This case, like many others, falls in between. Here, Ms. McCosker testified that the estimate for repairs was "[t]hirty-something thousand dollars." There was also testimony that defendant had received $1,500.00 in rent. While we do not agree with the State's argument that testimony about costs of "thirty-something thousand dollars" is sufficient to support an award "anywhere between $30,000.01 and

$39,999.99," the testimony here is not too vague to support *any* award. *See, e.g., Hunt,* 80 N.C. App. at 195, 341 S.E.2d at 354 (1986) (affirming trial court's decision to combine the victim's specific testimony about a "$10,364" hospital bill with his nonspecific testimony about a doctor's bill of "around $8000" to support an award of $18,364.00).

Here there was "some evidence" to support an award of restitution; however, the evidence was not specific enough to support the award of $39,332.49. The Court of Appeals so held, but vacated the award without remanding for recalculation of an amount supported by the evidence. *Moore,* —— N.C. App. at ——, 705 S.E.2d at 804. We conclude that the appropriate course here is to remand for the trial court to determine the amount of damage proximately caused by defendant's conduct and to calculate the correct amount of restitution.[1]

Accordingly, we reverse that portion of the Court of Appeals decision vacating the restitution award, and remand this case to the Court of Appeals for further remand to the trial court for a new hearing to determine the appropriate amount of restitution. The remaining issues addressed by the Court of Appeals are not before this Court and its decision as to these matters remains undisturbed.

REVERSED IN PART AND REMANDED.

---

1. We find no merit in defendant's contention that a remand would violate double jeopardy. " 'Until a convicted prisoner receives a sentence which can withstand attack, it may be conceived that his original jeopardy continues without interruption, and that he is therefore not put in jeopardy a second time when he receives his first valid sentence.' " *State v. Stafford,* 274 N.C. 519, 533, 164 S.E.2d 371, 381 (1968) (quoting *King v. United States,* 98 F.2d 291, 295 (D.C. Cir. 1938)).