An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1024
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.

FREDRICK ANTHONY MILLER

Cabarrus County
No. 09 CRS 53721

On writ of certiorari to review judgments entered 21 September 2011 by Judge W. David Lee in Cabarrus County Superior Court. Heard in the Court of Appeals 7 April 2014.

    *Attorney General Roy Cooper, by Assistant Attorney General Erin O'Kane Scott, for the State.*

    *Leslie C. Rawls for defendant-appellant.*

ELMORE, Judge.

On 21 September 2011, Fredrick Anthony Miller (defendant) was found guilty of felonious breaking or entering, larceny after breaking or entering, felonious larceny, and injury to real property. The trial court arrested judgment on the felony larceny conviction and sentenced defendant to two active consecutive terms of 15 to 18 months imprisonment for the felonies, plus an active consecutive term of 120 days for the

misdemeanor. On 10 April 2013, this Court issued a writ of certiorari to review defendant's judgments.

## I. Background

The State's evidence from trial shows that on 31 October 2009, defendant broke into the home of Roderick Jordan and stole two televisions, two CD players, two VCRs, a paint sprayer, two grandfather clocks, a wooden china cabinet containing china, and a wooden table. One VCR and one CD player were recovered and returned to Mr. Jordan.

Mr. Jordan testified as to the value of the televisions, VCRs, CD players, and paint sprayer. Mr. Jordan did not have receipts for the televisions, but compared similar products and believed they were worth $300 and $400, respectively. He also estimated that the VCRs were worth $45 and $56, respectively, after comparing similar products. Mr. Jordan testified that the CD players were one and a half to two years old. One of the CD players was a multi-disc player, and he had seen comparable CD players being sold for $599. The other one was a single-disc player, and he had paid $250 for it. Mr. Jordan inherited the paint sprayer, which was unused, from his uncle. He testified that it was being sold at Lowe's for $699. Mr. Jordan testified that the clocks, china cabinet, china, and wooden table were

family heirlooms. He did not have an opportunity to have a professional appraisal of these items, and therefore did not offer testimony as to their monetary value.

The trial court ordered restitution in the amount of $2,349.00, which was the amount requested in the State's restitution worksheet. This amount appears to include the values of the items to which Mr. Jordan testified: the two televisions, the two VCRs, the two CD players, and the paint sprayer. It does not appear to include the value of any of the family heirlooms. The trial court explained as follows:

> I am constrained to find restitution only in the amount of what the monetary evidence has shown to be the amount in this case and at this point I am going to enter a civil judgment, without in any way prejudicing your right to seek a further civil judgment for any additional sums, but I'm going to enter a civil judgment based upon the monetary evidence that's come before me in the amount of $2,349.00.

## II. <u>Analysis</u>

Defendant challenges the trial court's order of restitution. Specifically, defendant argues that the amount of restitution is not supported by evidence in the record because it (1) was based on the retail price or the original purchase price of the items, not the fair market value, and (2) included

items that were returned to Mr. Jordan. We agree with defendant's second contention.

"The amount of restitution ordered by the trial court must be supported by competent evidence presented at trial or sentencing." *State v. Mauer*, 202 N.C. App. 546, 551, 688 S.E.2d 774, 777 (2010). To justify an order of restitution, "'there must be something more than a guess or conjecture as to an appropriate amount of restitution.'" *State v. Clifton*, 125 N.C. App. 471, 480, 481 S.E.2d 393, 399 (1997) (quoting *State v. Daye*, 78 N.C. App. 753, 758, 338 S.E.2d 557, 561 *aff'd*, 318 N.C. 502, 349 S.E.2d 576 (1986)).

Pursuant to N.C. Gen. Stat. § 15A-1340.35(a)(2) (2013), when determining the amount of restitution, a trial court must consider the "[r]eturn of the property to the owner of the property or someone designated by the owner" in cases "resulting in the damage, loss, or destruction of property of a victim of the offense[.]" Here, the amount requested and ordered by the trial court is equal to the sum of all the values to which Mr. Jordan testified, including the returned CD player and returned VCR. The State offered no evidence that the returned CD player and returned VCR were damaged or destroyed in any way, so as to make their return "inadequate." *See* N.C. Gen. Stat. § 15A-

1340.35(a)(2) (2013). Therefore, because it included the value of items which were returned to the victim, the full amount of the restitution order is not supported by the evidence from trial.

However, we disagree with defendant's first argument. In support of his argument that the amount of restitution must be based on fair market value as opposed to retail or purchase price, defendant cites only the general statutory provision, which states that "[i]n determining the amount of restitution, the court shall consider" "[t]he value of the property on the date of the damage, loss, or destruction[.]" N.C. Gen. Stat. § 15A-1340.35(a)(2)(b1) (2013). Defendant, however, has not cited any additional authority for his assertion, and the statutory authority does not define "value" as fair market value as opposed to original purchase price or retail replacement cost. Thus, we are not persuaded by defendant's argument.

We have previously held that "'[w]hen, as here, there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.'" *State v. Davis*, 167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005) (quoting *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986)). Here, the record contains sufficient evidence that the

amount of restitution was appropriate as to the items which were not returned to Mr. Jordan. Additionally, we note that defendant did not present any evidence to the contrary.

Thus, we conclude that there was some evidence to support the award of restitution. However, because it included the value of items which were returned to the victim, it was not "specific enough" to support the total amount of $2,349.00. *See State v. Moore*, 365 N.C. 283, 286, 715 S.E.2d 847, 849 (2011). Accordingly, we must remand this case to the trial court for the trial court to calculate the correct amount of restitution. *See id.* at 286, 715 S.E.2d at 849-50.

Remanded for redetermination of restitution.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).