STROUD, Judge.
Anthony Solomon Lama Porter ("defendant") appeals from a judgment entered on a jury verdict finding him guilty of robbery with a dangerous weapon. Defendant contends that the trial court erred in (1) denying his motion to dismiss; (2) denying the jury's request for a transcript of certain testimony; and (3) awarding $600 in restitution. We find no error in part, vacate in part, and remand.
I. Background
On 17 August 2013, Haywood Judd traveled to Raleigh to visit his cousin's fiancé, Jeffrey Bunch. While in Raleigh, Judd received a phone call from defendant, an acquaintance. Judd belonged to a gang and knew that defendant belonged to a rival gang. Judd invited defendant to meet him at a fast-food restaurant. At the restaurant, Judd met defendant and three of defendant's friends, two men and one woman. Judd invited defendant and his friends to Bunch's apartment.
Judd and his girlfriend, Portia Monk, arrived at Bunch's apartment in the afternoon. Bunch and Judd drank brandy on the porch of the apartment, while Monk watched television inside the apartment. Defendant then drove into the parking lot in front of Bunch's apartment and parked. Defendant and his female friend got out of the car and asked Bunch and Judd for directions to a mall and a nearby place to eat. Defendant had a bottle of gin with him, and Judd passed their bottle of brandy to defendant. Defendant and his female friend got back in the car and drove away.
After approximately fifteen minutes, defendant returned and parked the car in a parking space. Defendant and his female friend got out of the car and again approached Bunch and Judd. Defendant's two male friends also got out of the car and waited by the car. Defendant asked Bunch where he could get some marijuana, and Bunch responded that he could call a friend who might have some. Bunch went inside his apartment to make the phone call. Monk then walked outside.
While Judd, defendant, the woman, and the other two men stood outside, Judd made a disparaging comment about one of the two men's gold teeth. The man then struck Judd in the eye with a pistol. Judd attempted to grab the pistol, but the other man drew two pistols and threatened to kill Judd. During the altercation, defendant and the woman walked back to the car and did not say anything. With guns drawn, the two men told Judd and Monk to walk backwards into Bunch's apartment. While Judd and Monk walked toward the apartment, defendant backed the car out of the parking space and waited in front of the apartment. Once Judd and Monk were inside the apartment, the two men told them to sit down and told Bunch, who was already inside the apartment, to stand behind Monk. The two men then grabbed a watch, cell phone, and Xbox from Bunch and truck keys and $600 in cash from Judd. The two men then left the apartment, got into the car, and defendant drove away. During an interview with a police officer, Monk stated that defendant "didn't seem to have anything to do with the robbery[.]"
On 7 October 2013, a grand jury indicted defendant for two counts of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon. SeeN.C. Gen.Stat. §§ 14-2.4, -87(a) (2013). At trial, Monk testified that after the two men finished the robbery and got into the car, defendant drove away "[k]ind of fast but not really." At the close of the State's evidence, defendant moved to dismiss all charges. The trial court granted defendant's motion with respect to the charge of conspiracy to commit robbery with a dangerous weapon, but denied defendant's motion with respect to the remaining charges. At the close of all the evidence, defendant moved to dismiss the remaining charges, and the trial court denied the motion. During the jury's deliberations, the jury sent a note requesting a transcript of Bunch's and Judd's testimonies. The trial judge ordered that the jury be conducted to the courtroom and denied the jury's request in open court. On or about 21 May 2014, the jury found defendant guilty of robbery with a dangerous weapon with respect to Bunch, but found defendant not guilty of robbery with a dangerous weapon with respect to Judd. The trial court sentenced defendant to 84 to 113 months' imprisonment and ordered that defendant pay $600 in restitution. Defendant gave notice of appeal in open court.
II. Motion to Dismiss
A. Standard of Review
Defendant first contends that the trial court erred in denying his motion to dismiss.
This Court reviews the trial court's denial of a motion to dismiss de novo.Upon defendant's motion to dismiss, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.
State v. Larkin,--- N.C.App. ----, ----, 764 S.E.2d 681, 689-90 (2014) (citations and quotation marks omitted), disc. review denied,--- N.C. ----, 768 S.E.2d 841 (2015). "Moreover, circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." State v. Mann,355 N.C. 294, 301, 560 S.E.2d 776, 781 (quotation marks and brackets omitted), cert. denied,537 U.S. 1005, 154 L.Ed.2d 403 (2002).
If, however, when the evidence is so considered it is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed. This is true even though the suspicion aroused by the evidence is strong.
State v. Malloy,309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983) (citation omitted).
B. Analysis
The essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened. State v. Call,349 N.C. 382, 417, 508 S.E.2d 496, 518 (1998) ; see alsoN.C. Gen.Stat. § 14-87(a).
A defendant acts in concert with another to commit a crime when he acts in harmony or in conjunction with another pursuant to a common criminal plan or purpose. To be convicted of a crime under the theory of acting in concert, the defendant need not do any particular act constituting some part of the crime. All that is necessary is that the defendant be present at the scene of the crime and that he act together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.
State v. Lundy,135 N.C.App. 13, 18, 519 S.E.2d 73, 78 (1999) (citations, quotation marks, and brackets omitted), appeal dismissed and disc. review denied, 351 N.C. 365, 542 S.E.2d 651 (2000).
An aider or abettor is a person who is actually or constructively present at the scene of the crime and who aids, advises, counsels, instigates or encourages another to commit the offense. Even though not actually present during the commission of the crime, a person may be an aider or abettor if he shares the criminal intent of the perpetrator and if, during the commission of the crime, he is in a position to render any necessary aid to the perpetrator.
State v. Barnette,304 N.C. 447, 458, 284 S.E.2d 298, 305 (1981) (citations omitted). Intent to aid may be inferred from a defendant's actions or from his relation to the perpetrator, but the defendant's presence at the scene of the crime, without more, does not show intent to aid even if he sympathizes with the criminal act and does nothing to prevent it. State v. Capps,77 N.C.App. 400, 402-03, 335 S.E.2d 189, 190-91 (1985).
Here, defendant observed his two companions draw pistols and direct Judd and Monk into Bunch's apartment. During the robbery, defendant backed the car out of the parking space and waited in front of the apartment. After the two men finished the robbery, defendant drove them away. Viewing the evidence in the light most favorable to the State, we hold that substantial evidence supports the jury's determination that defendant assisted the two men in committing the robbery by pulling the car out of the parking space, waiting for them in front of the apartment, and then driving them away. See Larkin,--- N.C.App. at ----, 764 S.E.2d at 689-90.
Defendant's reliance on State v. Gainesand State v. Ikardis misplaced. See Gaines,260 N.C. 228, 232, 132 S.E.2d 485, 487-88 (1963) ; Ikard,71 N.C.App. 283, 285-86, 321 S.E.2d 535, 537 (1984). In Gaines,the defendants observed their companion steal a box of diamonds and accompanied him as he drove away from the scene of the crime. Gaines,260 N.C. at 229-30, 132 S.E.2d at 486. But the State introduced no evidence that the defendants had possession of the stolen property at any time or that they assisted in the commission of the larceny. Id.at 231, 132 S.E.2d at 487. Our Supreme Court held that insufficient evidence supported the defendants' convictions for larceny. Id.at 232, 132 S.E.2d at 487-88. Similarly, in Ikard,this Court held that insufficient evidence supported the defendant's conviction for armed robbery, because "the evidence disclose[d] only that defendant was present at the scene of the crime." Ikard,71 N.C.App. at 285-86, 321 S.E.2d at 537. In contrast, here, defendant, after having observed his two companions direct Judd and Monk to Bunch's apartment at gunpoint, pulled the car out of the parking space, waited for the two men in front of the apartment, and then drove them away. Unlike in Gainesand Ikard,the State introduced evidence that defendant assisted the two men in committing the robbery. Accordingly, we hold that the trial court did not err in denying defendant's motion to dismiss.
III. Jury Request
A. Standard of Review
Defendant next contends that the trial court violated N.C. Gen.Stat. § 15A-1233(a) (2013) by denying the jury's request for a transcript of Bunch's and Judd's testimonies. Although defendant failed to object to the trial court's denial, we hold that this issue is preserved for appellate review. See State v. Long,196 N.C.App. 22, 25, 674 S.E.2d 696, 698 (2009). We review an alleged violation of N.C. Gen.Stat. § 15A-1233(a) for an abuse of discretion. See id.at 27, 674 S.E.2d at 699. "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis,323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).
B. Analysis
If the jury after retiring for deliberation requests a review of certain testimony or other evidence, the jurors must be conducted to the courtroom. The judge in his discretion,after notice to the prosecutor and defendant, may direct that requested parts of the testimony be read to the jury and may permit the jury to reexamine in open court the requested materials admitted into evidence. In his discretion the judge may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.
N.C. Gen.Stat. § 15A-1233(a) (emphasis added). The trial court errs if it "refuses to exercise its discretion in the erroneous belief that it has no discretion as to the question presented." Long,196 N.C.App. at 27, 674 S.E.2d at 699. Thus, we must consider whether the trial court properly exercised its discretion. See id.at 28, 674 S.E.2d at 700. In addressing this issue, we examine the "content and context of the jury's request and the specific language used by the trial court[.]" Id.,674 S.E.2d at 700.
In State v. Lawrence,the jury requested a transcript of a certain witness's testimony, and the trial court "instructed the jury that its duty was to recall the evidence as it was presented and thereby denied the request." See352 N.C. 1, 26, 530 S.E.2d 807, 823 (2000), cert. denied,531 U.S. 1083, 148 L.Ed.2d 684 (2001). Our Supreme Court held that the trial court "did not impermissibly deny the request based solely on the unavailability of the transcript" and properly exercised its discretion. Id.at 27-28, 530 S.E.2d at 824.
During the deliberations, the jury sent a note to the trial judge, which read, "May we see the testimony notes of Jeffrey Bunch and Haywood Judd?" After receiving the note, the trial judge commented:
Now, I'll have to bring the jury out to find out exactly what they mean by "notes," but if they mean a transcript of that testimony, let me ask the court reporter here, how long would it take you to prepare testimony of Jeffrey Bunch and Haywood Judd? How long would it take you to prepare yourself to, without having a typed transcript, to read their testimony as you have recorded it to the jury?
The trial transcript does not indicate a response from the court reporter. After the jury returned to the courtroom and the trial judge clarified that the jury was requesting a transcript of Bunch's and Judd's testimonies, the trial judge made the following ruling:
In my discretionI am going to deny your request for a transcript of that testimony and I do instruct you it's your duty to recall the testimony as it was presented yesterday morning and thirty minutes in the afternoon yesterday, so your request [for] a transcript of that testimony in my discretionis denied. You are to rely on your recollection of the evidence.
(Emphasis added). Like in Lawrence,the trial judge "did not impermissibly deny the request based solely on the unavailability of the transcript"; rather, the trial judge's question to the court reporter indicates that he was concerned about a delay in the proceedings. See id.at 27, 530 S.E.2d at 824. Additionally, the trial judge twice stated that his ruling was discretionary. Accordingly, we hold that the trial court properly exercised its discretion. See id.at 27-28, 530 S.E.2d at 824 ; Long,196 N.C.App. at 28-33, 674 S.E.2d at 700-02 (discussing cases where the trial court properly exercised its discretion).
Defendant argues that the trial court abused its discretion, because the jurors "lacked a sufficient memory" of the testimonies and producing a transcript would not have been "unduly burdensome" on the court. But the trial court properly instructed the jury to rely on its recollection of the evidence, and it was within the trial court's discretion to weigh the benefit of producing a transcript against the burden on the court reporter and the delay in the proceedings. SeeN.C. Gen.Stat. § 15A-1233(a) ; Long,196 N.C.App. at 27, 674 S.E.2d at 699. Accordingly, we hold that the trial court did not abuse its discretion in denying the jury's request.
IV. Restitution
A. Standard of Review
Defendant further contends that insufficient evidence supports the trial court's award of $600 in restitution. Although defendant failed to object to this issue, we hold that this issue is preserved for appellate review. SeeN.C. Gen.Stat. § 15A-1446(d)(18) (2013) ; State v. Mumford,364 N.C. 394, 402-03, 699 S.E.2d 911, 917 (2010). "[W]e review de novowhether the restitution order was supported by evidence adduced at trial or at sentencing." State v. Wright,212 N.C.App. 640, 645, 711 S.E.2d 797, 801 (quotation marks omitted), disc. review denied,365 N.C. 351, 717 S.E.2d 743 (2011).
B. Analysis
[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing....
Prior case law reveals two general approaches: (1) when there is noevidence, documentary or testimonial, to support the award, the award will be vacated, and (2) when there is specific testimony or documentation to support the award, the award will not be disturbed.
State v. Moore,365 N.C. 283, 285, 715 S.E.2d 847, 849 (2011). In Moore, our Supreme Court articulated a third approach for cases that fall in the middle ground. Id.at 285-86, 715 S.E.2d at 849-50. The Court held that "some evidence" supported an award of restitution but that the evidence was not specific enough to support the amount of the award. Id.at 286, 715 S.E.2d at 849. The Court remanded the case to the trial court for a new hearing to determine the appropriate amount of restitution. Id.,715 S.E.2d at 849-50.
Here, the jury found defendant guilty of robbery with a dangerous weapon with respect to Bunch only. Bunch testified that the two men grabbed his watch, cell phone, Xbox, and some "[l]ight hand-carrying stuff." We hold that Bunch's testimony constitutes "some evidence" to support an award of restitution, but his testimony alone is not specific enough to support an award of $600. See id.,715 S.E.2d at 849. Accordingly, we remand the case to the trial court for a new hearing to determine the appropriate amount of restitution. See id.,715 S.E.2d at 849-50.
V. Conclusion
For the foregoing reasons, we hold that the trial court committed no error in the guilt-innocence phase of the trial. But we hold that insufficient evidence supports the trial court's award of $600 in restitution. We vacate that portion of the trial court's judgment and remand the case for a new hearing to determine the appropriate amount of restitution.
NO ERROR IN PART, VACATED IN PART, AND REMANDED.
Judges DILLON and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered on or about 21 May 2014 by Judge Robert H. Hobgood in Superior Court, Wake County. Heard in the Court of Appeals on 5 March 2015.