INMAN, Judge.
Defendant Danari Jaeshonn Johnson ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of felony speeding to elude arrest and his subsequent guilty plea to attaining the status of an habitual felon. We hold there was no error in Defendant's trial or judgment, but vacate the trial court's restitution order and remand for further proceedings.
On 20 October 2016, officers with the Kannapolis Police Department were patrolling North Kannapolis when they saw Defendant drive past them in a silver Dodge Challenger. The officers knew Defendant had outstanding warrants and turned around to pull him over. Defendant accelerated away, and the officers gave chase. Other officers joined the chase, but the chase was soon called off for safety reasons. During the chase, Defendant drove at an estimated speed of 80 miles per hour, crossed the center line, passed a vehicle on a double yellow line, and failed to stop at a stop sign.
As officers continued to search for Defendant, they came across a woman who told them her car had just been hit by a silver Dodge Challenger that had not stopped after the collision. One officer drove to a residence he knew Defendant frequented, where he found a silver Dodge Challenger parked in the driveway. The Challenger had some front-end damage, and was identified as the car in which Defendant had fled from the officers. Defendant, however, was not present. A subsequent search of the Challenger resulted in the discovery of a bail bond receipt with Defendant's name on it, a banking receipt with Defendant's name on it, a photograph of Defendant and other people, and a sweatshirt of a brand that Defendant was known to always wear. Defendant was subsequently arrested on 14 December 2016.
On 6 March 2017, the grand jury returned indictments charging Defendant with speeding to elude arrest, driving while license revoked, failing to stop at a stop sign, hit and run causing property damage, speeding, reckless driving, and driving left of center. The State later obtained an indictment charging Defendant with attaining the status of an habitual felon, but dismissed the charges of driving while license revoked and hit and run causing property damage. After a trial on 7 November 2017, a jury found Defendant guilty of felony speeding to elude arrest, failing to stop at a stop sign, speeding, reckless driving, and driving left of center, and Defendant entered an Alford plea to the charge of attaining the status of an habitual felon.
At sentencing, the trial court arrested judgment on all the jury convictions but felony speeding to elude arrest. The court sentenced Defendant as an habitual felon to a term of 80 to 108 months' imprisonment, to run at the expiration of all other sentences Defendant was then serving. The State also presented a restitution worksheet to the trial court seeking $100 in restitution for Winifred Green, whom the State identified as the owner of the vehicle that was struck during defendant's escape, to cover the deductible for her insurance coverage. The court entered an order directing Defendant to pay restitution to Ms. Green in the amount of $100. Defendant gave notice of appeal in open court.
Defendant now argues the trial court erred in awarding restitution to Ms. Green, because (1) there was insufficient evidence before the trial court to support a restitution award to Ms. Green; and (2) she was not a victim of an offense of which Defendant was convicted. We agree with Defendant's first argument, vacate the trial court's order of restitution, and remand for further proceedings.
"A trial court's award of restitution must be supported by competent evidence in the record." State v. Clifton , 125 N.C. App. 471, 480, 481 S.E.2d 393, 399 (1997). When there is no documentary or testimonial evidence to support an award of restitution, the award must be vacated. State v. Moore , 365 N.C. 283, 285, 715 S.E.2d 847, 849 (2011). "[W]e review de novo whether the restitution order was supported by evidence adduced at trial or at sentencing." State v. Wright , 212 N.C. App. 640, 645, 711 S.E.2d 797, 801 (quotation marks omitted), disc. review denied , 365 N.C. 351, 717 S.E.2d 743 (2011).
Here, the trial court awarded restitution in the amount of $100 to Ms. Green, the alleged owner of the vehicle that was struck during Defendant's flight from the officers. Ms. Green did not testify at trial, and no documentation or other evidence was presented to the trial court that Ms. Green owned the car that was struck by Defendant or that she incurred $100 in damages. The information before the trial court regarding the restitution award came from the unsworn statements of the prosecutor and a restitution worksheet, which, as the State concedes, are insufficient to support the trial court's order. See id. at 645, 711 S.E.2d at 801 ("Unsworn statements made by the prosecutor are insufficient to support the amount of restitution ordered."); see also State v. Blount , 209 N.C. App. 340, 348, 703 S.E.2d 921, 927 (2011) ("A restitution worksheet, unsupported by testimony, documentation, or stipulation, is insufficient to support an order of restitution." (citation and internal quotation marks omitted) ).
Defendant also argues that Ms. Green was not a "victim" entitled to restitution under N.C. Gen. Stat. § 15A-1340.34, such that restitution may not be ordered at all. That statute, however, defines a "victim" as "a person directly and proximately harmed as a result of the defendant's commission of the criminal offense." N.C. Gen. Stat. § 15A-1340.34(a) (2017). "Thus, the restitution authorized under our General Statutes requires a direct nexus between a convicted offense and the loss being remedied. ... Put another way, restitution is securely tied to the losses attributable to the offenses of conviction." State v. Murphy , --- N.C. App. ----, ----, 819 S.E.2d 604, 607 (2018) (citations omitted). Because restitution was ordered in this case without the presentation of any evidence at sentencing, let alone evidence concerning direct and proximate harm to Ms. Green, we must vacate and remand for further proceedings on this ground as well.
VACATED AND REMANDED.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.