IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-898

Filed 2 July 2025

Wayne County, Nos. 22 CRS 319427, 319431

STATE OF NORTH CAROLINA

       v.

JAVIER TYQUAN GRAY

Appeal by Defendant from Judgments entered 25 October 2023 by Judge Henry L. Stevens in Wayne County Superior Court. Heard in the Court of Appeals 20 May 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Monique Nketah, for the State.*

*Parry Law, PLLC, by Edward Eldred, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Javier Tyquan Gray (Defendant) appeals from Judgments entered pursuant to jury verdicts finding him guilty of Larceny of a Firearm and Possession of a Firearm by a Felon. The Record before us, including evidence presented at trial, tends to reflect the following:

On 19 August 2022, Travis Skaggs took his car to Ojay's Auto Detailing for service. Defendant worked at Ojay's Auto Detailing and was the only person who

serviced Skaggs' vehicle.  Upon entering the shop, the owner of Ojay's observed Defendant shut Skaggs' trunk.  Video footage from cameras in the shop also showed Defendant opening the trunk of Skaggs' car.  The detailing service Skaggs requested did not require any work to be done in the trunk, and Ojay's policy is that employees do not go into a customer's trunk unless asked.  The owner then saw Defendant look around, exit, and walk around the building in a manner suggesting he had an item in his sweatpants.  The owner asked Skaggs "do you have a gun or any money in your car?" and specifically inquired whether Skaggs had "anything in the trunk of any value."  Skaggs stated he had a 1911 Colt 45 caliber gun in a safe in the trunk.  The two inspected the trunk and noticed the trunk's safe was cracked and the gun was missing.  Defendant had left the premises and did not return.

On 6 March 2023, Defendant was indicted for Larceny of a Firearm, Safecracking, Misdemeanor Larceny, and Possession of a Firearm by a Felon.  The case came on for trial on 24 October 2023.

At trial, Skaggs testified to buying the gun at issue from a police officer with whom he had worked.  Skaggs described the gun as "special" in that it had been ported by a gunsmith to be competition-tuned so that it would not jam.  Skaggs did not testify to the purchase price or value of the gun.  At the close of the State's evidence, defense counsel moved to dismiss the case for insufficient evidence.  The trial court dismissed the Safecracking charge but denied the Motion as to all other charges.  On 25 October 2023, the jury returned verdicts finding Defendant not guilty

of Misdemeanor Larceny, but guilty of Larceny of a Firearm and Possession of a Firearm by a Felon.

At sentencing, the State's attorney reported he had "a restitution worksheet in the amount of $1,000 for what was put on the victim impact statement as the cost and value of that Colt 1911 pistol." The State's attorney then asked, "May I approach?" to which the Court responded "Yes, sir." The sentencing discussion moved to the topic of Defendant's prior record level. The victim impact statement had not been filed or admitted by the trial court. In its Judgments, the trial court ordered Defendant to pay restitution in the amount of $1,000.00. At the conclusion of sentencing, Defendant orally gave notice of appeal in open court.

## Issue

The issue on appeal is whether the trial court erred by ordering Defendant to pay $1,000.00 in restitution for Larceny of a Firearm.

## Analysis

"On appeal, we review *de novo* whether the restitution order was 'supported by evidence adduced at trial or at sentencing.'" *State v. Wright*, 212 N.C. App. 640, 645, 711 S.E.2d 797, 801 (2011) (quoting *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004)). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Hill*, 291 N.C. App. 633, 648, 896 S.E.2d 216, 226 (2023) (quoting *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008)).

"The amount of restitution must be limited to that supported by the record[.]" *Wright*, 212 N.C. App. at 645, 711 S.E.2d at 801 (quoting N.C. Gen. Stat. § 15A-1340.36 (2009)). "[T]he quantum of evidence needed to support a restitution award is not high." *State v. Moore*, 365 N.C. 283, 285, 715 S.E.2d 847, 849 (2011). "When . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal." *Id.* (quoting *State v. Hunt*, 80 N.C. App. 190, 195, 341 S.E.2d 350, 354 (1986)). "In applying this standard our appellate courts have consistently engaged in fact-specific inquiries rather than applying a bright-line rule." *Id.* "Prior case law reveals two general approaches: (1) when there is *no* evidence, documentary or testimonial, to support the award, the award will be vacated, and (2) when there is specific testimony or documentation to support the award, the award will not be disturbed." *Id.* (emphasis in original).

Testimony regarding the purchase price of an item is enough to support a restitution award of that exact amount. *See State v. Cousart*, 182 N.C. App. 150, 154-55, 641 S.E.2d 372, 375 (2007). This Court has also determined written victim impact statements, together with oral victim statements, an expense worksheet, and other accompanying documentation constituted sufficient evidence to support a restitution award. *See State v. Hillard*, 258 N.C. App. 94, 97, 811 S.E.2d 702, 704-05 (2018). In contrast, this Court "has repeatedly held that 'a restitution worksheet, unsupported by testimony or documentation, is insufficient to support an order of restitution.' " *Moore*, 365 N.C. at 285, 715 S.E.2d at 849 (quoting *State v. Mauer*, 202 N.C. App. 546,

552, 688 S.E.2d 774, 778 (2010) (citing *State v. Swann*, 197 N.C. App. 221, 225, 676 S.E.2d 654, 657-58 (2009))).

For example, in *Mauer*, where no evidence was presented at trial or sentencing supporting the restitution worksheet, this Court vacated the trial court's restitution order and remanded for rehearing on the issue. 202 N.C. App. at 552, 688 S.E.2d at 778. Further, in *Moore*, the State argued the victim's testimony for estimated repairs of "thirty-something thousand dollars" was "sufficient to support an award 'anywhere between $30,000.01 and $39,999.99.' " 365 N.C. at 285-86, 715 S.E.2d at 849. Our Supreme Court disagreed, concluding while "there was 'some evidence' to support an award of restitution . . ., the evidence was not specific enough to support the award of $39,332.49." *Id.* at 286, 715 S.E.2d at 849. Thus, the Supreme Court remanded the matter to the trial court "to calculate the correct amount of restitution." *Id.* at 286, 715 S.E.2d at 849-50.

Here, the State introduced no evidence—testimonial or documentary— concerning the value of the gun. Although there was testimony regarding the gun itself, including some of its modifications, there was no indication of its purchase price or market value. These facts are distinguishable from *Cousart*, where the victim specifically testified to the item's purchase price, and from *Hillard*, where the victim

impact statements were viewed together the accompanying documentation.[1] The

only evidence offered in this case as to the value of the firearm was the restitution

worksheet, which this Court has expressly held is insufficient when not supported by

additional evidence. *See, e.g.*, *Moore*, 365 N.C. at 285, 715 S.E.2d at 849. Thus, the

State's evidence is insufficient to support the restitution award of $1,000.00.

Defendant requests this Court vacate the restitution award while the State

asks us to vacate and remand for rehearing. Where "there is 'some evidence' to

---

[1] Indeed, the victim impact statement in this case was neither included in the Record on appeal nor submitted to the trial court for consideration. Recognizing the victim impact statement was not in the Record on appeal, the State filed a Record Supplement pursuant to Rule 9(b)(5) of the North Carolina Rules of Appellate Procedure containing the victim impact statement. *See* N.C.R. App. P. 9(b)(5)(a) (2024) ("If the record on appeal as settled is insufficient to respond to the issues presented in an appellant's brief, . . . the responding party may supplement the record on appeal with any items that could otherwise have been included pursuant to this Rule 9.") and 9(d) (2024) ("Exhibits and other items that have been filed, served, submitted for consideration, admitted, or made the subject of an offer of proof may be included in the record on appeal under this subsection if a party believes that they are necessary to understand an issue on appeal."). Defendant subsequently filed a Motion to Strike the Supplement, arguing the victim impact statement was not an appropriate supplement under Rule 9. Although both sides agree the victim impact statement was not filed, served, admitted, or made the subject of an offer of proof, the State argues it "may have been submitted for consideration" based on the following exchange: At sentencing, the State's attorney told the trial court he had "a restitution worksheet in the amount of $1,000 *for what was put on the victim impact statement* as the cost and value of that Colt 1911 pistol. May I approach?" (emphasis added). The trial court replied that he could. Thus, the Record reflects that the victim impact statement was not submitted—only the restitution worksheet was.

Further, there is no evidence the State sought judicial settlement of this issue under our Rule of Appellate Procedure 11. Rather, the Record reflects "The Record on Appeal has been settled pursuant to Rule 11 of the North Carolina Rules of Appellate Procedure because the time has expired for the State of North Carolina to serve a notice of approval of the Proposed Record on Appeal served 29 August 2024, or objections, amendments, or an alternative Proposed Record on Appeal." *See* N.C.R. App. P. 11(b) (2024) ("If all appellees within the times allowed them . . . fail to serve either notices of approval or objections, amendments, or proposed alternative records on appeal, appellant's proposed record on appeal thereupon constitutes the record on appeal."). Thus, there is no evidence the victim impact statement was submitted to the trial court for consideration or that its inclusion in the Record was an issue the State sought to address in settling the Record on appeal. Therefore, the victim impact statement is not an appropriate supplement to the Record under Rule 9(b)(5). Consequently, we allow Defendant's Motion to Strike the State's Rule 9(b)(5) Supplement.

support an award of restitution, but 'the evidence was not specific enough to support the award,' the 'appropriate course here is to remand for the trial court to determine the amount of damage proximately caused by [the] defendant's conduct and to calculate the correct amount of restitution.' " *State v. Villarreal*, 296 N.C. App. 136, 144, 907 S.E.2d 80, 87 (2024) (quoting *Moore*, 365 N.C. at 286, 715 S.E.2d at 849-50). As in *Villarreal*, there is "some evidence" in the instant case to support an award of restitution, but the evidence is not specific enough to support the amount the trial court awarded. Thus, we must vacate the restitution order and remand for rehearing solely on the amount of restitution due.

## **Conclusion**

Accordingly, for the foregoing reasons, we vacate the trial court's restitution award and remand for rehearing on restitution.

VACATED AND REMANDED.

Chief Judge DILLON and Judge ARROWOOD concur.